**SMITH v. BIGGERS et al.**

No. 12461.

Court of Civil Appeals of Texas. Fort Worth.

May 9, 1931.

Rehearing Denied June 13, 1931.

L. C. Counts, of Olney, for appellant.

R. S. Morrison, of Archer City, for appellees.

BUCK, J.

This is a suit by Mrs. Bevie Biggers, joined by her husband, D. B. Biggers, the original petition being filed on April 22, 1930, and the first amended petition being filed on May 19, 1930. The petition alleged that Lawrence Smith, the former husband of Mrs. Biggers, had filed a cause of action for divorce against Mrs. Biggers, then Mrs. Smith, and had been granted a divorce on August 25, 1928. Plaintiff alleged that her then husband, Lawrence Smith, and she had four children, to wit: Lawrence Smith, Jr., a boy now about 13 years of age; August William Smith, a boy now about 11 years of age; Walter Ray Smith, a boy now about 7 years of age; and Frances Marian Smith, a girl now about 5 years of age. That prior to the day set for the trial of the former divorce case, Lawrence Smith came to the plaintiff and urged her not to attend the trial, and that he would have a judgment entered awarding to her the care, custody, and control of two of their said children, and that plaintiff relied upon the promises and representations of defendant, which were false, and did not appear and answer in said suit, and did not contend for the care, custody, and control of said two minor children. She further alleged that the defendant is not a fit person to have the care, custody, and control of the children, and more particularly the two younger children; that defendant is a man of very high temper and habitually curses and swears in the presence and hearing of said children, and pursues a course of harsh and tyrannical treatment towards them. She further pleaded for a partition of certain community property, consisting of $5,000 worth of Texas Company stock and about $3,000 in cash.

The defendant answered by a general demurrer and a plea of res adjudicata of all the issues which were available to the plaintiff in the former suit. He further pleaded that he had good reason to believe, and does believe, that at the time of said former trial, in 1928, the plaintiff was then engaged to marry D. B. Biggers as soon as he and she could procure divorces from their spouses, and that said D. B. Biggers, defendant has been informed, abandoned his wife and minor children in order to take up with defendant's wife prior to his filing suit against her, and that she likewise abandoned her minor children and this defendant to be with and finally marry D. B. Biggers, and defendant further pleaded that

D. B. Biggers and Bevie Biggers, and neither of them, is a fit and proper person to have the care, custody, and control of the minor children.

The cause was tried on May 30, 1930, and the court entered judgment that the defendant, Lawrence Smith, have the care, custody, and management of the two younger children, to wit, Walter Ray Smith and Frances Marian Smith, from the 1st day of June, 1930, until the 1st day of September, 1930; that plaintiff Bevie Biggers have the care, custody, and management of the two older children, to wit, Lawrence Smith, Jr., and August William Smith, from the 1st day of June, 1930, until the 1st day of September, 1930. That the defendant Lawrence Smith have the care, custody, and management of the two older children from the 1st day of September, 1930, until the 1st day of June, 1931; that the plaintiff Bevie Biggers have the care, custody, and management of the two younger children from the 1st day of September, 1930, until the 1st day of June, 1931. The court further ordered that the above order of care, custody, and management of the children be continued from term to term until further orders of the court.

The judgment further stated that the plaintiff took a nonsuit without prejudice as to the question and settlement of the community property. The costs of court were equally divided between plaintiff and defendant. From this judgment the defendant has appealed.

### Opinion.

The principal question raised by the appellant is that the court should have sustained defendant's general demurrer because plaintiff's cause of action necessarily depended upon a subsequent change of conditions, such as would justify modifying or vacating the judgment rendered on the 25th day of August, 1928, and because plaintiff failed to plead any new, distinct, and different state of facts from those upon which the original decree awarding custody to appellant was made. He cites the cases of Keith v. Keith (Tex. Civ. App.) 286 S. W. 534, 535; Gazell v. Garcia (Tex. Civ. App.) 187 S. W. 410; Schultz v. Burk (Tex. Civ. App.) 227 S. W. 700, in support of his contention that the general demurrer and plea of res adjudicata should have been sustained.

The case of Keith v. Keith, supra, by the Austin Court of Civil Appeals, states that the original divorce decree cannot be urged as res adjudicata to prevent change of custody of a child on subsequent change of conditions jeopardizing the child's welfare; and that the trial court's judgment in divorce action as to conditions and circumstances is res adjudicata as to all matters existing at that time concerning the welfare of the child. In that case is cited the case of Gazell v. Garcia, supra, and a quotation from the cited case is

contained in the opinion of Keith v. Keith as follows: "We can appreciate the force of the contention that, when the power is expressly vested in a court to change its decree from time to time, the necessary implication is that such decree shall be conclusive until changed in the tribunal which is given the power to change it. But we find no provision in our statute authorizing the court to provide for the support of the children in the divorce decree, and no provision authorizing the court to modify or change its decree from time to time. Our Legislature did not see fit to give the district court such power, and the statute contemplates a judgment in the case which finally disposes of the custody of the children upon the facts before the court— a decree which is conclusive in that court or any other court with regard to the custody as long as the conditions remain unchanged. Our statute provides for the division of the property, and contemplates that a final decree with respect thereto shall be made. The judgment in a divorce suit with respect to division of property and custody of the children is as conclusive under our statute as in any other case, and we find no warrant for the theory that the court exercises a continuing supervision over the children and their custody. It adds nothing to a decree to say that for the time being the custody of the children is awarded to one party, and the court has no power to decree that it reserves to itself the exclusive right to determine in the future whether the custody shall be changed. The custody is conclusively adjudicated upon the facts then existing, and a new suit must be brought in that court or some other court of competent jurisdiction in order to change such custody."

As will be noted, this suit was filed some two years after the divorce suit was heard, which granted the care and custody of all of the children to plaintiff in that suit, defendant here. The plaintiff in this suit alleged that the defendant was not a fit person to have the care, custody, and control of the children, and especially of the two younger children. She made other allegations as to the reason why she alleged that he was an unfit person to have the care, custody, and control of the children.

The evidence showed that defendant had a Miss Hazel Martin, who had been formerly married and had gotten a divorce and recovered her maiden name, to keep house for him, and that she had the control of the children and whipped them, though the evidence does not show that she was cruel to them. The evidence further shows that Mr. Smith kissed her good-bye when he went to work in the mornings. Many witnesses testified both for the plaintiff and defendant below, and there is conflicting testimony as to the conduct of plaintiff and defendant since they were divorced, but we believe the evidence is suffi-

cient to sustain the evident conclusion of the trial court that the best interest of the children, the paramount question, is best subserved by awarding to each parent the care, custody, and control of said children for a part of the year. The trial court evidently thought that the younger children ought to stay with their mother during that part of the year when schools were open, and the older children ought to stay with her during the vacation period. We think the allegation that the father was not a fit person to have the control of any of the children, and especially of the younger ones, is sustained by the evidence that Miss Martin kept house for Mr. Smith, and that evidences of affection between them occurred every morning, and probably undue intimacy existed between them. A trial court has a delicate duty to perform in determining which one of the parents should have the custody and control of the children, especially the younger ones, and we do not believe that the trial court has violated this duty in the judgment rendered.

The evidence tends to show that the mother, since her second marriage, has lived an exemplary life. She denied the charges of profligate conduct made in the answer of her former husband, and some of which was testified to by witnesses. The court was the exclusive judge of the credibility of the witnesses and of the facts proved, and we do not see how, under the circumstances, we can disturb the trial court's conclusion as to who should have the custody of the children. We think the trial court's order as to a division of the custody of the children was proper, and that the judgment should be affirmed, and it is accordingly so ordered.