**TURK et al. v. McLURE.**

No. 2877.

Court of Civil Appeals of Texas. El Paso.

Sept. 28, 1933.

Rehearing Denied Oct. 26, 1933.

M. Scarborough and Potash & Cameron, all of El Paso, for appellants.

R. P. McLure, pro se.

PELPHREY, Chief Justice.

Prior to May 12, 1932, R. P. McLure and Bernice McLure Turk were husband and wife and the parents of Margaret M. McLure, four years of age.

On the above date Bernice McLure Turk was divorced from R. P. McLure and was awarded the care, custody, and control of Margaret M. McLure.

On September 6, 1932, she married T. C. Turk, and on November 14, 1932, appellee filed this suit seeking to have the custody of said minor child taken from Bernice Turk and awarded to him.

The following three special issues were submitted to a jury by the trial court:

"Question No. One: Do you find from a preponderance of the evidence that, since May 12, 1932, it has become to the best interests of the child, Margaret McLure, that the plaintiff, R. P. McLure, should have the care, custody and control of such child permanently?

"Question No. Two: Do you find from a preponderance of the evidence that, since May 12, 1932, it has become to the best interests of the child, Margaret McLure, that the plaintiff, R. P. McLure, should have the care, custody and control of such child for a part of the time?

"Question No. Three: What part do you find?"

The jury answered, "No," to the first question; "Yes," to the second; and, "One Year Each, alternatingly," to the third.

The court thereupon awarded the care and custody of the child to appellee for three months of each year and to appellant Bernice Turk for the remaining nine months of each year.

This appeal has been perfected from that judgment.

### Opinion.

The action here is one of habeas corpus, and the verdict of the jury is not binding on the trial court. Conyer v. Burckhalter (Tex. Civ. App.) 275 S. W. 606; Northcutt v. Northcutt (Tex. Civ. App.) 287 S. W. 515.

Appellee, in his amended petition, alleged that appellant T. C. Turk was immoral, selfish, of bad character in so far as his relations with women were concerned; had no respect or reverence for the marriage relationship and no regard for proper conduct when it interfered with his physical desires; that the child, Margaret M. McLure, by reason of the marriage of the mother with appellant Turk, was in his care and custody.

The allegations were, in our opinion, sufficient, as against a general demurrer, to show that a change of conditions had occurred since the judgment awarding the custody of the child to appellant Bernice Turk.

Appellants' contention that the judgment should be reversed and the custody of the child awarded to them because of the introduction of evidence as to matters which occurred prior to May 12, 1932, is, in our opinion, without merit.

The trial was before the court, and from the court's finding that both plaintiff and defendants were fit and proper persons, it is clear that the court either disregarded the evidence complained of or considered it insufficient. In either case appellants were not harmed.

In awarding of the custody of children a broad discretion is vested in the district courts of our state, 15 Tex. Jur. § 163, and cases cited, and a very clear case of abuse of discretion must appear before an appellate court will interfere with the exercise of that discretion, Moore v. Moore (Tex. Civ. App.) 213 S. W. 949; Norris v. Norris (Tex. Civ. App.) 46 S. W. 405.

We have carefully studied the record here and cannot say from such study that there has been such an abuse of discretion as would warrant us in disturbing the judgment of the trial court.

A similar judgment was affirmed by the Court of Civil Appeals for the Second District in the case of Smith v. Biggers, 41 S.W.(2d) 325.

The judgment is affirmed.