## MILLER v. MILLER.

### No. 1205.

Court of Civil Appeals of Texas. Eastland.

Jan. 5, 1934.

W. E. Lessing, of Abilene, for plaintiff in error.

Cox & Hayden, of Abilene, for defendant in error.

LESLIE, Justice.

Ruby Morris Miller instituted this suit against Alex Miller to obtain a divorce on the ground of three years' abandonment and cruel treatment. The defendant answered by general denial and filed a cross-action for divorce on the grounds of abandonment, and further sought the custody of their six year old.son. The trial was before the court without a jury. The judgment awarded divorce to the defendant on his cross-action, but granted the custody and control of the child to the mother. From that portion of the judgment awarding the custody of the child, the defendant prosecutes error to this court.

There are no findings of fact and conclusions of law in the transcript. The parties will be referred to as in the trial court.

■ There are two assignments of error; first, that the court erred in granting the custody of the child to the mother; and, second, that there was error in not granting the defendant the custody of the child for a part of the time. Both points relate to matters of evidence and seem to challenge the correctness of the judgment on the ground that it is unsupported by any evidence, and, further, that the judgment relating to the custody of the child is, under the evidence, an abuse of discretion on the part of the trial court

We have carefully considered the statement of facts, and, in substance, it discloses that these people were married October 21, 1914, and lived together until October 15, 1929, that since their separation the small child has been in the custody and care of his mother. Unquestionably, she is a woman of high moral character and refinement. She is a teacher of music, makes a reasonable support in that profession, and has for some sixteen years been the organist at the First Baptist Church in Abilene. She and the child reside at the home of her mother where Christian influences prevail, and her purpose and ability to take care of and properly rear the child is reflected by the record. On the other hand, the testimony indicates that the father owned no home, and his means of taking care of the child is dependent, for the present at least, largely on his ability to provide an apartment for living quarters and to secure the aid of hired help. Under these and other circumstances, not necessary to mention, and although there is nothing in the record to reflect upon the integrity of the father, we are of the opinion that this court is, under the testimony, without authority to disturb the judgment of the trial court on either point presented.

■■ In a contest like this, the trial court has a delicate duty to perform in determining which parent should have the care and custody of a small child like the one involved in this unfortunate controversy. The best interest of the child is always the paramount consideration, and the conclusions on this vital issue are to be reached by the trial court only after "having regard to the prudence and ability of the parents, and the age and sex of the child." Article 4639, R. S. 1925. Certainly, we cannot say there is no evidence to support the judgment of the trial court. From a reading of the statement of facts, it appears at once that it has a substantial support in the testimony. This, in law, marks the end of any inquiry this court should make on that phase of the case, and resolves the appeal in favor of the wife on the issue of the custody, control, and education of the child.

In 15 Tex. Jur., p. 666, § 163, it is said: "A very broad discretion has been held to be vested in the district court in the matter of determining who shall be awarded custody upon the granting of a divorce. Under the statute, custody may be awarded to either parent. The paramount consideration is the welfare and best interest of the child or children, whether custody is being awarded in the suit

for divorce, or in a proceeding for a review of the decree in the suit for divorce." Many Texas authorities are cited in support of the text and warranting the conclusions entertained by this court and above expressed. In addition, we cite the following authorities: Williams v. Perry (Tex. Com. App.) 58 S.W. (2d) 31; Smith v. Biggers et al. (Tex. Civ. App.) 41 S.W.(2d) 325; Turk v. McLure (Tex. Civ. App.) 63 S.W.(2d) 1049.

For the reasons assigned, the judgment of the trial court will be affirmed.