**WILLIAMS v. GUYNES et al.**

No. 3429.

Court of Civil Appeals of Texas. El Paso.

Oct. 22, 1936.

Rehearing Denied Nov. 12, 1936.

H. B. Thomas, Jr., and G. H. Crane, both of Dallas, for appellant.

Robert Lee Guthrie and Guthrie & Guthrie, all of Dallas, for appellees.

WALTHALL, Justice.

Appellant, Jesse Williams, brought this habeas corpus proceeding against appellee Yutha Guynes, formerly Yutha Williams, for the purpose of obtaining the custody of Mary Catherine Williams, who, at the time of the filing of the suit, was living with appellee.

Appellant is the father, and appellee is the mother, of Mary Catherine, a minor girl child of about the age of 13 years. About the year 1928 appellant and appellee were divorced in Dallas county, in which suit no mention or disposition was made of the minor child. In 1929 in a proceeding then had the custody of the minor child was awarded to appellant, except that in the summer months and during the

holidays when she was allowed to visit and be with her mother for short periods of time. In the summer of 1935 the minor was allowed to visit appellee, and, upon demand by appellant that the child return to his home, the child being unwilling to return to her father, the appellee refused to allow the child to return to appellant, when appellant brought this habeas corpus proceeding to have the child restored to his custody and that the mother be enjoined from molesting the child. Appellee, joined in the suit by her husband, answered by general denial and specially pleaded that the child was voluntarily remaining with her; that she was a fit and proper person to care for the child; that appellant was not a fit and proper person to care for the child, and asked that the custody of the child be awarded to her; and that the father be required to contribute $20 per month to the child's support.

The matter was heard by the trial court without a jury, and a judgment was entered transferring the custody of the child to appellee, the child's mother, for 10 months each year, and gave the custody of the child to appellant for 2 months in each year, stating the months each should have the custody of the child, and directed that the father should make periodical monthly payments of $20 for the support of the child during the time she was living with her mother until she reaches the age of 16 years.

Appellant's motion for a new trial was overruled, and appellant appeals.

### Opinion.

The appellant and appellee each lived in Dallas, Dallas county, but appellant had placed the child in the care and custody of his parents in Hopkins county, Tex. After the case was closed and all evidence had been heard, and after the court had refused to allow the minor child to testify in the case, the trial court announced that he would talk to the minor child, took the child out of the hearing of appellant and appellee, and ascertained from her her ideas and views as to where she would rather live, with appellant and his people, or with appellee, her mother, and her stepfather. No objection was made at the time by appellant to the court's expressed intention to talk to the child nor at the time the court took the child aside to talk to her.

Appellant submits reversible error to the action of the court in talking with the child and ascertaining her wishes in the matter.

Also after the evidence was closed the trial court stated that he wanted to make a further investigation of the matter and of the parties and their homes and their abilities to care for the child. The evidence shows that with the knowledge and consent of appellant, or with knowledge of the expressed intention of the court appellant acquiesced, the court had the chief juvenile officer of Dallas county to make investigation as to matters above stated and to make to the court a written report, which the juvenile officer did.

Appellant submits error to the above two actions of the court.

The habeas corpus proceedings had for their purpose the determination of the proper person to whom the custody of the minor child should be given. The proceedings are necessarily informal. It is the right and duty of the trial court to ascertain any and all the facts and to make such investigation of conditions which in his judgment will assist him in reaching a proper solution of the child's problems. Technical rules of practice are not to have controlling effect. The controlling issue on the merits is which custodian is for the child's best interest. The pleading in such cases is considered of little importance, and the judge exercising the jurisdiction of a chancellor has broad equitable powers. Wilson v. Wilson (Tex.Civ.App.) 88 S.W.(2d) 1086; Williams v. Perry (Tex.Com.App.) 58 S.W.(2d) 31; Tunell v. Reeves (Tex.Com.App.) 35 S.W.(2d) 707; Ferguson v. Ferguson (Tex.Civ.App.) 11 S.W.(2d) 214, same case on writ of error (Tex.Com.App.) 23 S.W.(2d) 673.

Here a change in the custody of the child is made. The record shows that, when the custody of the child was awarded to the father in 1929, the mother was not financially able to care for the child. Now she is. At the time the child was about 7 years of age, and possibly had or expressed no preference in the matter; now she is some 13 or 14 years old and expressed to the court her wish to be with her mother. It may be that the sex and age of the child had much to do in awarding the custody to the mother. When with the father's parents in Hopkins county, the child was some distance removed from her

mother; when in Dallas where both parents live the child could see both parents often. Apparently the father was not situated to have the child with him in Dallas.

■ We are not prepared to say that it was reversible error to award the custody of the child to the mother during the 10 months in the year indicated, and to the father 2 months, until the child shall have attained the age of 16 years. The court ordered that appellant contribute $20 per month to the support of said child on the first day of each month until the child shall have attained the age of 16 years.

Appellant submits that the court has no authority to make such order, except in a divorce proceeding under article 4639a, Vernon's Ann.Civ.St. (as added by the Acts 1935, 44th Leg., c. 39, p. 111), and then in the divorce proceedings.

Appellant Jesse Williams testified that he was a mail carrier for the United States government and earned $2,100 a year, less 3½ per cent. of that amount for retirement; that he was a widower, and, it appears, has no child other than the one involved here.

■ Under article 4639a, in a suit for divorce where the divorce is granted and there are minor children, it is the duty of the court to inquire into the surroundings and circumstances of each child, and in such suit the court is given full power and authority to inquire into and ascertain the financial circumstances of the parents of the minor child and their ability to contribute to its support, and to make such orders regarding the custody and support of such child as is for its best interest; and in such suit the court may by judgment order either parent to make periodical payments for the benefit of such child until the child shall have reached the age of 16 years, and the court is given the power to enforce such order.

In this case the trial court in the divorce suit made no inquiry of a minor child and took and assumed no jurisdiction over said child, and made no order in the suit except to grant the divorce.

The question is here presented, Has the court, in a subsequent habeas corpus proceeding for the custody of the minor child, the power and authority to order the appellant parent, not given the custody of the minor child, to make periodical payments for the benefit of such child until the child has reached the age of 16 years?

We have found no authority given by the statute to make such order other than in a divorce suit.

In her answer to the habeas corpus proceeding appellee alleged that appellant was financially able to contribute to the child's support and asked that appellant be required to contribute $20 each month to the support of the child, as was ordered by the court. Appellee did not allege her financial inability to support the child.

In Hooten v. Hooten (Tex.Civ.App.) 15 S.W.(2d) 141, 143, judgment affirmed 120 Tex. 538, 40 S.W.(2d) 52, the appellant and appellee were formerly husband and wife. They were divorced in 1926. At the time of the divorce they had two children, both minors. In the divorce decree no provision was made for the custody of the children or for their maintenance and support. The suit was brought by the mother of the two minor children, as next friend, against her former husband, father of the two minor children; the suit was brought "to recover expenditures in maintenance and education, care and comfort of such minors from (stating the dates); and for the recovery of a reasonable amount reasonably necessary, considering the condition and station in life of all the parties herein, for such maintenance, education, care and protection of such minors from the time of bringing the suit up to their majority age."

The petition alleged that the minors have no income; that their mother has an income sufficient for her own support; the petition listed the articles classed as necessaries and which had been furnished the children. The petition specifies the amount of money that will be required in the future for support and education of the children during their minority. The petition states the financial ability of the father of the minors to respond in the amount stated. The case was submitted to the court who rendered judgment granting, in part, the relief prayed for. The defendant, father of the minors, appealed.

The Texarkana appellate court, in the Hooten v. Hooten Case, speaking through Judge Hodges, said: "It is now the settled law of this state that the primary duty of supporting minor children rests upon the father, both before and after the divorce of the parents. Gulley v. Gulley, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564, and cases there cited. It has also been definitely decided that the district court has au-

thority, both in a divorce proceeding and after the decree of divorce has been granted, to make proper provision for the support of the minor children from the property of the father. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Hughes v. Hughes (Tex.Civ.App.) 259 S.W. 180; Bemus v. Bemus, 63 Tex.Civ.App. 148, 133 S.W. 503. However, in the exercise of that power, the court cannot render a personal judgment against the father for a specific sum to be paid periodically in the future, but may fix a reasonable allowance to be paid periodically, and make the payment of such allowance a charge against the rents and revenues of property belonging to the father. Gully v. Gully (Tex.Civ.App.) 173 S.W. 1178; Sneed v. Sneed (Tex.Civ. App.) 296 S.W. 643, and cases cited. To accomplish that end the court may designate specific property and place it in the hands of a trustee to be used for the support and maintenance of the children during their minority. Fitts v. Fitts, 14 Tex. 443; Trimble v. Trimble, 15 Tex. 18; Simons v. Simons, 23 Tex. 344; Young v. Young (Tex.Civ.App.) 23 S.W. 83; Rice v. Rice, 21 Tex. 58; Bemus v. Bemus, and Hedtke v. Hedtke, supra. It seems that allowances for the future support of minor children which the court may make in suits of this character should be made a charge against the property of the father, and not a personal liability. If the father of dependent children has no property, no suit can be maintained to require him to support them. His personal liability is limited to the value of necessaries which others may have previously furnished because of his failure to make proper provision for the children. His duty to make provision for the future needs of his children is a moral obligation; his legal liability for a debt does not arise till the debt has been created by the act of some third person doing for his children what the father should have done but has failed to do."

The opinion further holds that any person, the divorced wife included, who has supplied minor children with necessaries, may sue and recover from the father the value of the necessaries so furnished. Gully v. Gully, supra. But the right of action lies with the party who has supplied the necessaries, not with the children to whom the necessaries have been furnished.

The case is decisive of the question presented here.

The case is affirmed in the part awarding the custody of the child to the mother and reversed and here rendered that appellee take nothing as to the monthly payments for the support of the minor child.