## PRENDERGAST v. PRENDERGAST.
### No. 10677.

Court of Civil Appeals of Texas. Galveston.

Dec. 8, 1938.

Marsene Johnson, Jr., of Galveston, for appellant.

Geo. P. Prendergast, of Galveston (Wm. Stiglich, of Galveston, of counsel), for appellee.

W. E. MONTEITH, Special Commissioner.

Appellee, George P. Prendergast, Jr., as plaintiff, brought this suit in the district court of Galveston County against appellant, Julia Mae Prendergast, as defendant, for divorce and for the care and custody of their two minor children, or, in the alternative, for the custody of his minor son, George Marshall Prendergast.

Appellee in his original petition alleged that he was and had been for more than 12 months next preceding the filing of his petition for divorce a bona fide inhabitant of the State of Texas, and an actual bona fide resident of Galveston County for a period of more than 6 months next preceding the filing of said petition, and that appellant resided in Harris County, Texas.

Appellant filed an amended answer, answering the allegations relied on by appellee, and a cross-action. She denied appellee's allegations with reference to cruel treatment, admitted the truth of the allegations in reference to name, residences, marriage of the parties, and birth of their two children. In her cross-action, after alleging sufficient grounds for relief sought, she asked that the prayers of plaintiff be denied, and that she have judgment on her cross-action, dissolving the bonds of matrimony, for the care and custody of their two minor children, and for an order requiring appellee to contribute a reasonable sum to aid in the maintenance of the said minor children.

The trial, which was before the court without a jury, resulted in judgment in favor of appellant on her cross-action, dissolving the bonds of matrimony existing between plaintiff and defendant, and awarding the care and custody of the daughter, Billie Beth, nine months of age, to appellant, and the care and custody of the minor son, George Marshall Prendergast, four years of age, to appellee. Said decree also provided for the payment to appellant by appellee of $5 per week for the support of their said minor daughter.

Judgment was rendered on April 7, 1937, and on May 11th appellant filed her motion for a new trial, asking the court to set aside said judgment in so far as it decreed the care and custody of the minor, George Marshall Prendergast, to appellee, alleging as her reasons therefor that said portion of said judgment was contrary to the law and the evidence in said cause, and that the same was contrary to the best interests of said minor, and praying the court to award the care and custody of both children to her.

On May 26, 1937, the court filed his findings of fact and conclusions of law, finding, among other facts, that the appellant, at the time of the filing of the suit, was an actual bona fide inhabitant of the State of Texas, and had been such continuously for more than 12 months immediately next preceding the filing of this suit, and that the appellant had resided continuously in Galveston County for more than 6 months immediately next preceding the filing of such suit. The court further found that all the material allegations contained in appellant's cross-action were established on the trial, and found "from the evidence, from personal knowledge, and from personal investigation", that both appellant and appellee were of good moral character and reputation and of domestic habits, and that both had the welfare and best interests of their children at heart, and that no evidence was adduced at the trial showing why either should not have the custody of said minor children. He found further that both appellant and appellee were employed, and that the children were being taken care of by appellant's mother.

In his conclusions of law, the court found that it was to the best interest and welfare of the minor child, George Marshall Prendergast, that his care, custody, and control be awarded to appellee, and that it was to the best interest and welfare of the child, Billie Beth Prendergast, that her care, custody, and control be awarded to appellant.

On July 15, 1937, the parties filed an agreed statement, in narrative form, of the facts proved on the trial of the case. In said statement, appellant is shown as having testified that she and appellee had resided in Galveston County up to the date of their separation on July 24, 1936, and that she had resided in Harris County from that date up to the date of the trial, but neither she nor appellee are shown to have testified to the residence of appellee subsequent to that date.

It is the contention of appellant that since the instrument above referred to does

not affirmatively show that testimony was adduced on the trial of said cause to the effect that appellee had been an actual bona fide inhabitant of the State of Texas for more than a year, and that he had resided in Galveston County for more than 6 months next preceding the filing of this suit, that the trial court committed fundamental error, which may be raised by assignment on appeal to this court for the first time, though not presented to the trial court on motion for new trial.

■ The trial court in his findings of fact filed on May 26, 1937, found that appellee had been an actual bona fide inhabitant of Texas for a period of 12 months, and that he had resided in Galveston County for 6 months next preceding the filing of this suit. Appellant has no assignment of error challenging the sufficiency of the evidence to sustain any of the findings of the trial court, hence said findings are binding and conclusive upon this court, particularly since the summary of the evidence above referred to does not state that the evidence narrated therein was the only evidence adduced on said trial, or that the issues of residence were not testified to in the trial of said cause.

■ The above proposition, however, is not decisive of this appeal, since the Supreme Court of this State has definitely held that R.S. Article No. 4631, Vernon's Ann.Civ.St. art. 4631, which provides: "No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same, "is not a jurisdictional statute at all, but merely a statute prescribing the qualifications of the plaintiff in divorce cases, and that the plaintiff must possess the qualifications prescribed by Article 4631 before he is entitled to prosecute a divorce suit in the courts of this state.

This doctrine was handed down in an opinion by the Commission of Appeals, which was adopted by the Supreme Court, in the case of Aucutt v. Aucutt et al., 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198, in a case in which the facts are stronger than those in the instant case. In this case plaintiff, Mabel Aucutt, instituted suit in the district court of Lubbock County, Tex-

as, against John W. Aucutt, to obtain a divorce and to have confirmed a settlement of their property rights. John W. Aucutt answered the allegations in plaintiff's petition for a divorce and filed a cross-action in which he sought judgment for a divorce against plaintiff. In his cross-action, John W. Aucutt did not allege that he had been an actual bona fide inhabitant of the State of Texas and had resided in Lubbock County for 6 months next preceding his filing of his cross-action, otherwise his allegations were sufficient for granting the relief sought. The case was continued from time to time, and on June 16, 1930, when plaintiff sought to again continue the case, which was resisted by defendant, her application was overruled. She thereupon requested that her case be non-suited, which was granted by the court. The defendant answered ready on the cross-action, and hearing was had thereon before the court and judgment rendered granting defendant a divorce against plaintiff and a decree cancelling an agreement settling their property rights.

Later suit was filed by Mabel Aucutt attacking the validity of the judgment rendered on defendant's cross-action in said divorce suit, alleging that such judgment was void, because the court was without jurisdiction to hear the cross-action, as the plaintiff had been granted a nonsuit and the defendant in his cross-action had not alleged, nor did he prove, that he was a resident of Lubbock County, Texas, on September 18, 1928, the date on which he filed his cross-action. The case was certified to the Supreme Court on account of apparent conflict in Courts of Civil Appeals opinions.

Justice Critz in his opinion said that under above statement of facts the district court of Lubbock County, the county in which the original petition was filed, had jurisdiction of the parties and the subject matter of the suit, and this even after Mrs. Aucutt dismissed her divorce action; that Mr. Aucutt had the right to continue to prosecute his cross-action for divorce after Mrs. Aucutt's action for the same relief had been dismissed, and even though he had never resided in Lubbock County, citing Article 2182, R.C.S.1925; Charlton v. Charlton, Tex.Civ.App., 141 S.W. 290, 291; 15 Tex.Jur., par. 266, page 25, and authorities there cited.

The court held that there can be no question about the fact that, Had Mrs. Aucutt, who had filed the suit, not dismissed her

action for divorce, the district court of Lubbock County could have proceeded both to hear her divorce action and Mr. Aucutt's cross-action, and could have rendered judgment for or against either party, as the facts justified. This being true, under the plain provisions of Article 2182, which provides that the plaintiff may take a nonsuit at any time before the jury has retired, or before the decision is announced, but shall not thereby prejudice the right of the adverse party to be heard on his claim for affirmative relief, she could not by dismissing her suit prejudice Mr. Aucutt's action, which was for affirmative relief and filed before such dismissal.

In the instant case, appellant having answered the allegations of appellee's petition and having invoked the jurisdiction of the court by filing a cross-action seeking affirmative relief, the district court of Galveston County, in which said case was originally filed, had jurisdiction of the parties and the subject matter of the suit, and appellant is not now in a position to complain of the action of the court in this respect.

Appellant further contends that the trial court abused his discretion in awarding the care and custody of the minor child, George Marshall Prendergast, to appellee, for the reason that the best interests of said minor child demanded that he be given to his mother.

The court in his findings of fact found "from the evidence, from personal knowledge, and personal investigation, that both plaintiff and defendant are of good moral character and reputation and of domestic habits, and that both have the welfare and best interests of the children at heart, and that no evidence was adduced at the trial showing why either should not have the custody of said minor children."

In his conclusions of law the court found "the best interest and welfare of the child, George Marshall Prendergast, requires that plaintiff, George P. Prendergast, Jr., have the care, custody and control of him, the said child; and that the best interests and welfare of the child, Billie Beth Prendergast, requires that the defendant, Julia Mae Prendergast, have the care, custody and control of her, the said child; and therefore find that such care, custody and control ought to be and is here adjudged accordingly."

The courts of this state have held in an unbroken line of authorities that the

judgment of a trial court awarding the custody of a child, being addressed to the sound discretion of the court, will not be disturbed on appeal, unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion.

In the instant case, the trial court unquestionably heard evidence on the fitness of both plaintiff and defendant for the care and custody of their two minor children. It appears that he even went further than is ordinary or necessary in cases of this kind, in that in his findings there is a recital that he finds from the evidence, from personal knowledge, and personal investigation that both plaintiff and defendant are of good character and reputation, and that each has the welfare and best interests of the children at heart, and that no evidence was adduced at the trial showing why either should not have the custody of said minor children.

In the case of Turk v. McLure, Tex.Civ. App., 63 S.W.2d 1049, the court in its opinion says, in awarding the custody of children, a broad discretion is vested in the district courts of our states, 15 Tex.Jur., 163, and cases cited, and a very clear case of abuse of discretion must appear before an appellate court will interfere with the exercise of that discretion. Moore v. Moore, Tex.Civ.App., 213 S.W. 949; Norris v. Norris, Tex.Civ.App., 46 S.W. 405; Smith v. Biggers, Tex.Civ.App., 41 S.W.2d 325.

It is held in Peeks v. Peeks, Tex.Civ. App., 27 S.W.2d 827, that divorce judgments awarding custody of a child to the husband, supported by substantial testimony, will not be disturbed on appeal.

In the case of Miller v. Miller, Tex.Civ.App., 67 S.W.2d 390, 391, which involves the custody of divorced parents' minor child, awarded to the mother, the court says: "In a contest like this, the trial court has a delicate duty to perform in determining which parent should have the care and custody of a small child like the one involved in this unfortunate controversy. The best interest of the child is always the paramount consideration, and the conclusions on this vital issue are to be reached by the trial court only after 'having regard to the prudence and ability of the parents, and the age and sex of the child.' Article 4639, R.S.1925.

"Certainly we cannot say that there is no evidence to support the judgment of the trial court. From a reading of the statement of facts, it appears at once that it has

a substantial support in the testimony. This, in law, marks the end of any inquiry this court should make on that phase of the case, and resolves the appeal in favor of the wife on the issue of the custody, control, and education of the child."

In 15 Tex.Jur., page 166, sec. 163, it is said: "A very broad discretion has been held to be vested in the district court in the matter of determining who shall be awarded custody upon the granting of a divorce. Under the statute custody may be awarded to either parent. The paramount consideration is the welfare and best interest of the child or children, where the custody is being awarded in the suit for divorce or in a proceeding for a review of the decree in the suit for divorce." Many Texas authorities are cited in support of the Text and warrant the conclusions entertained by this court and above expressed. In addition we cite the following authorities: Williams v. Perry, Tex.Com. App., 58 S.W.2d 31; Smith v. Biggers, Tex.Civ.App., 41 S.W.2d 325; Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049; Epstein v. Epstein, Tex.Civ.App., 84 S.W. 2d 894.

For the reasons above stated, the judgment of the trial court will be affirmed.

Affirmed.

Opinion approved by the Court.