## BRILLHART v. BRILLHART.
### No. 5577.

Court of Civil Appeals of Texas. Amarillo.
Nov. 8, 1943.

Rehearing Denied Dec. 13, 1943.

Boyer & McConnell, of Perryton, for appellant.

Hoover, Hoover, & Cussen, of Canadian, for appellee.

PITTS, Chief Justice.

This is a child custody case instituted by Lena Brillhart, appellee, against Harold C. Brillhart, appellant, for a modification and change of a judgment entered on November 1, 1941 by the District Court of Hansford County, affecting the custody, support and maintenance of their male child, Donald Wayne Brillhart, born on August 29, 1938 during the marriage of appellant and ap-

230

pellee, who were divorced by a decree entered by the said District Court of Hansford County on April 8, 1940.

. The record discloses that appellant and appellee were married on August 29, 1937, separated on January 1, 1940, and divorced as stated above; that the trial court found in the decree of divorce that neither parent had sufficient means to support said child and gave the custody of it to G. C. Brillhart, the father of appellant; that appellant married again on June 30, 1940; that Mrs. G. C. Brillhart, mother of appellant, died subsequent to the awarding of the child to the said G. C. Brillhart and prior to September 30, 1941, on which date appellant filed a suit against G. C. Brillhart, making appellee a party defendant thereto, for a change and modification of the order awarding the custody of the child to the said G. C. Brillhart; that appellant and appellee appeared for a hearing in said case on November 1, 1941 but the said G. C. Brillhart did not appear when the trial court, after hearing the parties, entered an order on said date taking the custody of said child from the said G. C. Brillhart and awarding it to appellant for nine months each year, September through May (except for Christmas week) and awarding it to appellee for three months each year, June, July and August, and during Christmas week, and requiring appellant to pay $20 per month to appellee during the three months she had said child and $10 for Christmas week for the support and maintenance of said child; that subsequent to the divorce decree appellee has spent some two and one-half years in attendance at college preparing herself for a teacher and has been teaching in the public schools; that on January 9, 1943 appellee filed this suit for a modification and change of the custody of said child and for such provisions for its support and maintenance as the trial court may deem proper; that a hearing was had on April 24, 1943 when the parties and several others testified, and the trial court rendered judgment modifying and changing his former decree by awarding the custody of said child to appellee for nine months out of each year, that is, from September 1st through May, and awarding said child to appellant during the months of June, July and August of each year, and requiring appellant to pay for the support and maintenance of said child $20 per month during the nine months of each year that appellee has said child,

from which judgment appellant perfected his appeal to this court. The record discloses further that the same trial judge conducted all three hearings and rendered all three judgments referred to herein above.

Appellant levelled a number of exceptions at appellee's pleadings and joined issue with appellee on the matters alleged. The trial court sustained two of appellant's exceptions but overruled the others, about which appellant complains, contending that appellee's pleadings are too general and involve matters previously disposed of by the trial court.

■ Appellant makes seven assignments of error as a result of his exceptions being overruled by the trial court, all of which are here overruled, since it appears to us that appellee's pleadings are sufficient, especially since the pleadings in child custody cases are usually considered of little importance. As a rule the trial judge in such cases should not permit technical rules of practice to have a controlling effect but he should exercise broad equitable powers in determining which custodian is the proper person to best serve the child's interest. Williams v. Guynes et al., Tex. Civ.App., 97 S.W.2d 988; Wilson v. Wilson, Tex.Civ.App., 88 S.W.2d 1086; Williams v. Perry, Tex.Com.App., 58 S.W.2d 31; and Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707.

■ Appellant complains about the admission of evidence by the trial court concerning matters that had been previously disposed of by the trial court and concerning the time when the formation of character in a child begins, but we find no merit in such complaints since the trial court, who had conducted all other previous hearings and who was doubtless already familiar with all the facts, found in this hearing that both parents were proper persons to have custody of the child but, in his discretion, gave the child to appellee for a greater part of the time and therefore such testimony was not harmful, even if not proper. Turk et al. v. McLure, Tex. Civ.App., 63 S.W.2d 1049, writ dismissed, and authorities thereunder cited.

■ Appellant charges that the trial court erred in modifying and changing his former order for the reason that appellee failed to allege and prove any acts or circumstances showing a material change in conditions since the trial court's last order

such as would justify a change or modification of his former orders; but we cannot agree with appellant in such charges. Appellee alleged that appellant "is a drunkard, given to violent temper which he is unable to control; * * * that he gives intoxicating drinks to said child * * * and is weaning him away from his Mother who should have him during this period of tender age when he is developing his character * * *." She pleaded the response the child was making and the bad effects as a result of his present environment and she pleaded her own improved conditions to care for the child; all of which allege a material change in conditions such as would justify a change of custody such as was made and, while appellee did not establish conclusively all she alleged, we believe the evidence supports the finding of the trial court, who has broad discretionary powers in awarding the custody of a child in such cases. Turk et al. v. McLure, supra; Williams v. Guynes et al., supra; Wilson v. Wilson, supra; Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Fannett et al. v. Tompkins, Tex.Civ.App., 49 S.W.2d 896; Futch v. Futch, Tex.Civ.App., 299 S.W. 289, and 15 Tex. Jur. 666, par. 163.

Appellant challenges as error that part of the trial court's order requiring him to pay $20 per month during the nine months from September through May of each year while the child is in custody of appellee for its support, care and education until said child reaches the age of sixteen years and charges that such is not authorized by the law in a hearing such as this.

■ In the case of Hooten v. Hooten, Tex. Civ. App., 15 S.W.2d 141, 143, affirmed by the Supreme Court in Id., 120 Tex. 538, 40 S.W.2d 52, the court said: "It is now the settled law of this state that the primary duty of supporting minor children rests upon the father, both before and after the divorce of the parents. Gulley v. Gulley, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564, and cases there cited. It has also been definitely decided that the district court has authority, both in a divorce proceeding and after the decree of divorce has been granted to make proper provision for the support of the minor children from the property of the father. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Hughes v. Hughes, Tex.Civ. App., 259 S.W. 180; Bemus v. Bemus, 63 Tex.Civ.App. 148, 133 S.W. 503. However, in the exercise of that power, the court cannot render a personal judgment against the father for a specific sum to be paid periodically in the future, but may fix a reasonable allowance to be paid periodically, and make the payment of such allowance a charge against the rents and revenues of property belonging to the father. Gully v. Gully, Tex.Civ.App., 173 S.W. 1178; Sneed v. Sneed, Tex.Civ.App., 296 S.W. 643, and cases cited."

■ The above rule applies in the instant case since the trial court fixed a reasonable allowance to be paid periodically and made same a charge against the rents and revenues of the appellant, the father. Such rule is supported by Williams v. Guynes, supra; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; and Ex parte Taylor, 137 Tex. 505, 155 S.W.2d 358.

The record discloses that appellant is engaged in farming, ranching and stock raising and is able (and he testified he was willing) to care for and educate said child. We believe the trial court properly made a reasonable allowance for the support and maintenance of said child and we overrule this assignment of error.

We believe there should be an end some time to litigation over the custody of a minor child in such cases. The more the litigation the greater the breach between the parents in the most sacred partnership that can exist, which is of such vital importance to the welfare of the innocent child.

Judge Alexander said in the case of Martin v. Martin, supra [132 S.W.2d 428]: "It is a well known fact that young children need the care and attention of their mother, and other things being equal, she should be given the preference in awarding the custody of such child. 15 Tex.Jur. 667; 19 C.J. 945."

We have carefully studied the record and assignments of error and believe the trial court's judgment should not be disturbed. The judgment is therefore affirmed.