## HAMER v. HAMER.
### No. 11670.

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1944.

Rehearing Denied Jan. 4, 1945.

Allen, Helm & Jones, of Houston (J. Edwin Smith, of Houston, of counsel), for appellant.

H. E. Bell, of Houston, for appellee.

GRAVES, Justice.

This appeal, in a divorce suit, in which both parties had sought such a decree, is from such parts only of a judgment of the 11th District Court of Harris County divorcing the parties on the wife's application, dividing their community property, and fixing the custody of their sole child, as disposed of the property and the custody issues, and not from the part thereof which so decreed the divorce' to the wife; that is, while each separately sought a divorce, neither has complained of the trial court's final action upon that feature here.

So much of the challenged decree as affected the custody of the child, a little girl nearly two years old, was, in substance, this:

"The court is of the further opinion that the plaintiff, Joy Hamer, is a fit and proper person to have the custody of the minor child, Beverly Ann Hamer, a daughter born of the marriage, now of the approximate age of twenty-one months. The court is of the further opinion that the defendant, Billy Hamer, is a fit and proper person to have the custody of the said minor child; and it appearing to the court that the defendant, Billy Hamer, may shortly be inducted into the military services of the United States, and that his father and mother, Mr. and Mrs. Frank Hamer, of Austin, Texas, have agreed in open court to assist the said Billy Hamer in all necessary ways in caring for the said Beverly Ann Hamer; the court finds that the welfare of said child will be promoted by such assistance, and that the said Mr. and Mrs. Frank Hamer are fit and proper persons for such purpose. The court finds further that, should the defendant, Billy Hamer, enter the military services of the United States, he should provide the regular military allotment for a child, and that while the child is in the custody of the plaintiff, Joy Hamer, this allotment should be made payable to her for the use and benefit of said minor child; and that, while the said minor child is in the custody of the said Billy Hamer, and is left with his said father and mother, such military allotment should be made payable to Mr. and Mrs. Frank Hamer, or either of them, for the use and benefit of said minor child.

"It is, therefor, ordered, adjudged, and decreed that the plaintiff, Joy Hamer, be and she is hereby divorced from the defendant Billy Hamer, and that the bonds of matrimony heretofore existing between the plaintiff, Joy Hamer, and the defendant, Billy Hamer, be and are dissolved and annulled.

"It is further ordered, adjudged and decreed that the custody and education of the minor child, Beverly Ann Hamer, be awarded to plaintiff, Joy Hamer, for a period of six months out of the year, and that the custody and education of said minor child be awarded to defendant, Billy Hamer, for a period of six months out of the year, the custody and education to be in the father, Billy Hamer, from the first day of June,

A.D. 1944, and to so continue through the last day of November, A.D.1944, and for the same months during each succeeding year; and it is decreed that from the first day of December, A.D.1944, to and including the last day of May, A.D.1945, the custody and education of said minor shall be in the plaintiff and mother, Joy·Hamer, and that she shall have such custody and education of said child for the same months during each succeeding year; the court, however, hereby retaining jurisdiction over the parties and said child to modify or change such custody at any time that changed conditions, or the good of said child, shall require it, and the court now suggests that when said child reaches the age of seven years it is probable that it will be proper to give her custody and education to one of the parents for nine months and the other three months. It is decreed that changes in these orders for custody and education can and may be made by this court at any time after proper and due notice to all parties to appear for a hearing before this court, should the court decide after such notice and hearing that changed conditions necessitate a change of these custody orders for the best interests of the child.

"It is decreed that during the period that one of the parents does not have the custody of such child that such parent shall. have the right to visit and see such child at all reasonable times and during reasonable behavior.

"It is further ordered, adjudged and decreed by this court that said child shall not be removed from this state except for short visits to relatives, and should either of parents of the said Beverly Ann Hamer remove her beyond the borders of this state during the time such parent has her custody and education she shall by such parent be returned to this state prior to the time when the custody and education is to begin in said other parent.

"It is further ordered, adjudged and decreed that, should the said Billy Hamer be called into the military services of the United States, he shall provide for the regular military allotment for said minor child; that during the months that such child is assigned to the custody and education of the said Billy Hamer, such allotment shall be made to Mr. and Mrs. Frank Hamer, or either of them, for the use and benefit of said minor child, and that during the months said minor child is in the custody of the mother such military allotment shall be made to her for the use and benefit of said child. At the expiration of the military service of said Billy Hamer, and upon proper notice to all parties, the court will make such further orders for the support, maintenance, and education of said child as the circumstances at the time will justify, while it is in the custody of the mother, Joy Hamer."

Appellant's points upon the appeal are these:

"First. The order of the trial court concerning the custody of the daughter of tender years was contrary to the law and the evidence of this case.

"Second. The order of the trial court on the division of the community property was contrary to the law and the evidence of this case.

"Third. The trial court erred in permitting the defendant to introduce in evidence an alleged offer of compromise on the issue of custody.

"Fourth. The trial court erred in requiring the appellant to pay one-half of the costs incurred in this litigation."

After a careful review of the record, it is determined that none of these contentions should be sustained, under the overall conclusion of this court that no abuse of a sound judicial discretion upon the part of the trial court has been made to appear, either as to the alternating custody of the child, the division of the community property, or the receipt of the complained-of evidence.

■ This court has painstakingly reviewed the statement of facts, especially as bearing upon the issue of custody of the child, under the governing rules of law controlling that inquiry in Texas, such as are embodied in Article 4639, Vernon's Texas Civil Statutes, and Vol. 15, Texas Jurisprudence, Divorce and Separation, paragraph 163, and fails to find any lack of support for the trial court's action; to the contrary, there is ample testimony justifying the divided custody the court so determined upon.

■ The rule appellant relies upon, under the citation of such authorities as Swift v. Swift, 37 S.W.2d 241; McLemore v. McLemore, 285 S.W. 693; Green v. Green, 45 S.W.2d 331; Cain v. Cain, 134 S.W.2d 506; Moore v. Moore, 213 S.W. 949; Hunter v. Hunter, 187 S.W. 1049; 15 Tex.Jur., 667, Sec. 164; Martin v. Mar-

tin, 132 S.W.2d 426; 19 C.J., page 345, § 799–c; 27 C.J.S., Divorce § 309–c, p. 1172; Liddell v. Liddell, 29 S.W.2d 868; Towles v. Towles, 176 Ky. 225, 195 S.W. 437; Larson v. Larson, 176 Minn. 490, 233 N.W. 789; Eberhart v. Eberhart, 149 Minn. 192, 183 N.W. 140, that preference should be given to the mother in awarding the custody of a child, especially where it is a little girl of tender years, as was the condition here, is always qualified by the equally well-established proviso, "where other things are equal."

It would serve no needful purpose to put into the enduring form of this record either a restatement, or a resume, of the ample testimony in this record showing that in this instance such other things were not equal, and that the able and experienced trial judge did not in any way go outside of a sound discretion, or the rules of law that even the appellant so invokes, in engrafting the exception he did on the rules she invokes in this instance; this is true, notwithstanding the quoted recitation in the appealed-from decree that both the father and mother here were fit and proper persons to have the custody of their minor child, the showing and presumed finding that the mother's temperamental disposition and habits, as well as her situation in life, being enough to properly topple the scales in the appellee's favor on the wisdom of the divided custody awarded him; in other words, while both were so considered fit persons, the court concluded, on much testimony heard, which tended to show that the mother seemed predisposed toward such a disparagement of the father's established character and reputation as would in all reasonable probability unjustly prejudice the child against him as it grew older, together with her situation of being without a home herself to take the child into—her father's suggested home obviously not being as advantageous as the one its paternal grandparents offered to its father—that the child's best interest would be attained by requiring the father to keep it one-half of the time.

Moreover, as the quoted decree recites, such paternal grandparents, who were both shown to be outstanding citizens of Texas, were themselves specially found by the court to be in position to, in all respects, furnish the little girl well-nigh ideal surroundings while its father might be in the service of his country. The divided custody decree is therefore upheld, under such authorities as these: Turk v. McClure, 63 S.W.2d 1049 (error denied); Moore v. Moore, 213 S.W. 949; Conley v. St. Jacques, 110 S.W.2d 1238; Smith v. Biggers, 41 S.W.2d 325; Brillhart v. Brillhart, 176 S.W.2d 229; Miller v. Miller, 67 S.W.2d 390; Prendergast v. Prendergast, 122 S.W. 2d 710, 713.

Likewise, as to the division of the property, under Article 4638, Vernon's Texas Civil Statutes, the court's discretion was broad as to the disposition between the parties of their community property; and this reviewing court can neither say, under the testimony in the record, that there was any abuse whatever, nor that the trial court was not fully competent to resolve some confusion appearing in the testimony as to the amount of the property that was subject to division between the parties, in the way its decree did, to-wit:

"It is further ordered, adjudged, and decreed that the said Billy Hamer pay to the plaintiff, Joy Hamer, the sum of $60.00 as a balance due and owing her out of the $360.00 community funds in his possession at the time of their separation."

Appellant misconstrues the effect of the testimony in contending that there was any admission or offer of a compromise as to the child's custody shown; on the contrary, the appellee merely elicited what he himself had been willing to agree to in that connection, he having offered nothing to show any admission by his wife, the appellant, at all; indeed, she herself, through the statement of her own attorney, was the only one who revealed any offer as to the custody by herself.

Furthermore, the trial was before the court without a jury, hence no technical rule of practice should have been given effect anyway. Wilson v. Wilson, 88 S.W.2d 1086; Williams v. Guynes, 97 S.W.2d 988.

Finally, a division of costs between the parties is held not to have constituted error in the circumstances, since the judgment granted the prayers of each of the parties in some respects and denied them in others. Article 4641, Revised Statutes 1925; Ledbetter v. Ledbetter, 229 S.W. 576; Becker v. Becker, 299 S.W. 528.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.