## THOMPSON et al. v. HANEY.

### No. 5696.

Court of Civil Appeals of Texas. Amarillo.
Dec. 10, 1945.

W. D. Hollars, of Plainview, for appellants.

Warlick & Bunnenberg, of Vernon, for appellee.

PITTS, Chief Justice.

This is a child custody case in which the record shows the parents of the child were married on March 9, 1931. The child, Rita Jo Haney, a girl, being the only child, was born to the marriage on September 26, 1934. The parents separated on February 1, 1937, and were divorced on April 22, 1937, by a decree of the same trial judge that heard this case. The divorce decree awarded the custody of the child to its mother and required certain payments to be made by the father for the support of the child. Beryle Haney, appellant, and the mother of the child, later married Fred C. Thompson and she and Fred Thompson moved to San Angelo, Texas. Appellee, Ernest Haney, the father of the child, remarried and continued to live in Wilbarger County.

The record reveals that the father contributed to the support of the child, visited her occasionally at San Angelo, and had letters from her occasionally; that in the summer of 1943 the child ran away from home and started to her father but was apprehended by the officers on the highway before she got far and was returned to her mother; that soon thereafter her father visited her at her mother's home and she returned home with him where she remained for more than two months, during which time her father entered her in school in Wilbarger County early in the fall;

that in October, 1943, the child's mother took her from school and without the consent of the father took the child home with her to San Angelo and entered her in school there; that early in 1945 the child wrote several letters to her father begging him to come and get her and that the father talked with the child by phone about the matter twice while she was at school; that on March 24, 1945, the father visited the child at her home in San Angelo and took her home with him to Wilbarger County without the consent of her mother.

On June 27, 1945, appellant, Mrs. Beryle Thompson, filed a motion in the trial court charging that appellee had not made the payments for the support of the child as required by the trial court and had violated the court's order in dispossessing her of the physical custody of the child and asked that a hearing be had and that appellee be required to make the payments he had failed to make, be held in contempt of court and that the custody of the child be returned to her.

Appellee answered with a general denial and a cross-action alleging, in effect, that since the awarding of the custody of the child to appellant on April 22, 1937, conditions had materially changed with both parties; that appellant was not then a proper person to have her custody, and that it would be for the best interest of the child to be awarded to appellee, all of which was denied by appellant.

On July 20, 1945, the trial court heard the pleadings, evidence, and argument of counsel, denied appellant the relief prayed for, and awarded the custody of the child to appellee, Ernest Haney, by judgment entered, from which appellant perfected an appeal to this court.

■ Appellant complains that appellee's pleadings are insufficient to support the trial court's judgment, but such complaint is made for the first time on appeal. The record discloses that appellant answered appellee's pleadings in the trial court only on the merits, did not except or object to appellee's pleadings in the trial court, and did not allege any defect for the trial court to pass on. Rule 90, Texas Rules of Civil Procedure, provides that a party who complains for the first time on appeal of any claimed defect, omission, or fault of the pleadings of the adverse party and does not properly call attention of such to the trial judge has waived such irregularities, if any there be, and the said rule is applied

**493**

in a similar question in the case of Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342.

A careful examination of appellee's pleadings reveal, however, that he pleaded a material change of the condition and circumstances of the parties since the previous award of the trial court some seven or eight years prior thereto sufficiently to meet the requirements of Rule 45, Rules of Civil Procedure. Such is especially true in view of the repeated holdings of the courts that the pleadings in a child custody case should be considered of little importance and, certainly, as a rule, the trial court should not permit technical rules to have a controlling effect in such cases. The best interests of the child is the paramount issue in such cases and the trial court is given broad discretionary powers in determining the sufficiency of the pleadings as well as the issues in such cases. Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229; Williams v. Guynes et al., Tex.Civ.App., 97 S.W.2d 988; Wilson v. Wilson, Tex.Civ.App., 88 S.W.2d 1086; Williams v. Perry, Tex.Com.App., 58 S.W.2d 31; and Tunnell v. Reeves, Tex. Com.App., 35 S.W.2d 707.

We overrule appellant's points of error complaining of the insufficiency of appellee's pleadings.

Appellant further complains that the trial court abused its discretion in awarding the custody of the child to appellee without sufficient evidence to support such a judgment.

The record discloses that appellant, appellee, the child, and appellee's present wife testified before the trial court and that some of the testimony was sharply controverted. It was undisputed that appellant and her present husband had three children by their marriage, ages four years, two years, and six months; that Fred C. Thompson was a mechanical foreman for a newspaper and drew a salary of $85 per week; that appellant had fair living quarters and had access to a good school; that appellee was a farmer; had fair living quarters, and he and his present wife lived on a farm, had no children, were able to care for the child, and had access to a good school. The child was in the fourth grade at school and seemed to be a normal child. The record contains several letters written by the child to her father prior to March 24, 1945, begging him to come after her, stating her health was not good, and that she was being mistreated by her mother and stepfather. She testified she wrote the letters while she was in school and mailed them without her mother's knowledge; that the contents of the letters were true and that the habits and home life of appellant and Fred C. Thompson were not good. The testimony about her being mistreated and further testimony about the bad habits of appellant and her husband, Fred C. Thompson, and their home life was sharply controverted. The testimony did reveal that the child had gained considerably in weight and that her health had improved during the four months she had spent with her father just prior to the trial. There was likewise some testimony derogatory to the home life of appellee and his present wife. The issues were well drawn before the trial court.

Under our system, as supported by the above authorities and numerous others, the question of a minor child's custody in such cases is addressed to the sound discretion of the trial court, who faces the parties and the witnesses, observes their demeanors and personalities, and feels the forces, powers and influences that cannot be discerned by merely reading the record. He is therefore in a better position to analyze the facts, weigh the virtues of the parties, and determine what will be for the best interests of the minor child. We must assume from the record in this case that the trial judge was endeavoring under the well-established rules of law to award the child to the person best fitted to care for it. It is a well-established rule of law that the judgment of the trial court in such a case will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Brillhart v. Brillhart, supra; Rider v. Rider, Tex.Civ.App., 143 S.W.2d 222; Patterson v. Wilson, Tex. Civ.App., 177 S.W.2d 1004; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; and Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049.

We believe the evidence supports the judgment of the trial court and that it did not abuse its discretion. Appellant's points of error complaining about the insufficiency of the evidence are therefore overruled.

Appellant complains for the first time on appeal that the trial judge was dis-

qualified to try the case because appellant alleges he discussed the facts with appellee before appellee took the child from its mother on March 24, 1945. We do not find any basis in the record to support appellant's claim that the trial judge was disqualified to try the case. Appellee testified that he talked to the trial judge about getting his child from its mother and the trial judge "told me to follow the instructions of my attorney." There is no evidence tending to show that the trial judge was disqualified to try the case and there is no complaint of such except in appellant's brief, which complaint is overruled.

An appeal to this court was perfected in this case on August 11, 1945, and on August 29, following, appellant procured an order from the trial court setting an amount of a supersedeas bond at the sum of $750, which bond she filed the same day and it was approved by the clerk.

On October 8, 1945, appellant requested permission to file in this court a motion to hold appellee in contempt of court for his refusal to deliver the child to her pending the outcome of the appeal. Her request was granted, her verified motion was filed, and a hearing on the same was set for the same day the case was to be submitted on its merits in this court. The motion was heard on the submission day of the case on its merits but neither appellant nor her attorney attended the hearing.

Appellant alleged that the judgment of the trial court having been superseded she was entitled to the custody of the child pending the outcome of the appeal; that appellee had physical possession and custody of the child but failed and refused upon demand to surrender and deliver the custody of the child to appellant.

Appellee answered by affidavit and was tendered by his counsel as a witness before this court on the issue of contempt in support of his affidavit. He states under oath that he was never served with a writ of supersedeas and that none was issued so far as he knew; that no demand was made of him to deliver the child to appellant; that he was requested by a letter from appellant, mailed at San Angelo, to deliver the child to the home of appellant's brother, a distance of seventeen miles from appellee's home, on a certain day. His statements were not denied or even answered.

According to appellant's allegations and the entire record in the case, the child had been in appellee's custody since March 24, 1945 and, at the hearing had before the trial court on July 20, 1945, her custody remained with appellee by order of the trial court, from which appeal was perfected. Appellant had also asked that appellee be held in contempt of court by the trial judge in that hearing but her request was refused by the trial court.

Many jurisdictions have held that a supersedeas bond does not annul the judgment appealed from but merely supersedes its operation and prevents its execution until the cause is entirely disposed of. The object and effect of a supersedeas bond are to stay further proceedings but not to undo what has already been done. It restrains the appellee from taking affirmative action to enforce the judgment after the supersedeas becomes effective. People ex rel. Finn v. David, Judge, 328 Ill. 230, 159 N.E. 263; United States Fidelity & Guaranty Co. v. Jones, 133 Ky. 621, 111 S.W. 298; United States Fidelity & Guaranty Co. v. Herzig, Ky., 124 S.W. 279; Gardner v. Continental Ins. Co., Ky., 101 S.W. 911; Central Union Telephone Co. v. State ex rel. Board of Commissioners of Tippecanoe County, 110 Ind. 203, 10 N.E. 922, 12 N.E. 136; Lindsay v. District Court of Clayton County, 75 Iowa 509, 39 N.W. 817; 4 C.J.S., Appeal and Error, § 625, page 1108; 60 C.J. 1161; 3 Am.Jur. 199; 3 Tex.Jur. 387, para. 276; Mayhew v. Power, Judge, Tex.Civ.App., 104 S.W.2d 642; Roman v. Goldberg, Tex.Civ.App., 7 S.W.2d 899.

In the instant case the effect of the judgment of the trial court was to leave the child in the custody and possession of appellee where it had been for several months prior to the hearing and we do not believe it was intended that the effect of a supersedeas bond in such a case be mandatory requiring that a change be made in the custody of the child from appellee to appellant and thus nullify in a case such as this the judgment of the trial court pending the appeal. An entirely different case would be presented if the custody and possession of the child had been with appellant at the time of the hearing and if the trial court had ordered its custody changed to appellee. In that event the supersedeas bond would have prevented appellee from taking the child from appellant pending the appeal. But such was not the case and we do not hold appellee in contempt of court.

For the reasons heretofore stated, the judgment of the trial court is affirmed.