## BEATY v. BEATY.
### No. 2496.

Court of Civil Appeals of Texas. Eastland.
Jan. 12, 1945.

J. M. Parker, of Gorman, for appellant.

Oscar Callaway, of Comanche, for appellee.

LONG, Justice.

Juanita Beaty instituted this suit against Bert L. Beaty for divorce on the ground of cruel treatment, for the custody of their son, James Alvin Beaty, born November 7, 1943, and for division of their property. The case was tried before the court without a jury, and the trial court entered a judgment granting the plaintiff a divorce and the custody of said minor son, and granting defendant the right to visit and be with said child under certain conditions as set out in the judgment of the court. The court also entered an order disposing of the property rights of the parties. The court in its judgment found, among other property, that there was an undeveloped peanut crop belonging to the community estate, and that it was to the best interest of said community estate that a receiver be appointed to take charge of all undivided community properties and sell the same or develop the same to harvest and divide the proceeds equally between plaintiff and defendant after the payment of certain indebtedness to the DeLeon National Bank, the holder of a mortgage lien against said community property. From the judgment so entered the defendant prosecuted his appeal to this court.

There are no findings of fact and conclusions of law in the record. The parties will be referred to as in the trial court.

Defendant predicates his appeal upon five points. The first point assigns error of the court in rendering judgment for divorce for the plaintiff where she predicated her suit on actual cruelty where there was no actual cruelty shown; the second point, for granting to plaintiff judgment for the care and custody of their minor son without first having grounds for divorce; the third point was error of the court in rendering judgment for plaintiff for part of the peanut crop where the evidence discloses said crop was planted and grown at a time when plaintiff and defendant were not living together; the fourth, error in appointing a receiver of the property of plaintiff and defendant where there was no controversy between the plaintiff and defendant with reference to community property, which was covered by lien for the full value and nothing for the receiver to administer; and, fifth point, for the court to restrict defendant's seeing said child to only two hours per week.

We do not deem it necessary to set out the facts in this case, but after a careful examination of the statement of facts, we are of the opinion that the evidence is sufficient to justify the court in granting a divorce upon the ground of cruel treatment, and that the court did not abuse its discretion in granting the custody of the minor child to the plaintiff. The law is well settled in Texas that the paramount consideration in cases of this kind is the best interest of the child. On this question the authorities are too numerous to mention, but for a case in point we cite the case of Miller v. Miller, 67 S. W.2d 390, opinion by Judge Leslie of this court.

We are of the opinion that the undeveloped peanut crop was community property of the plaintiff and the defendant. Although the record discloses that the crop was planted and grown during the time when plaintiff and defendant were separated, they were, nevertheless, still husband and wife. Our statutes provide in Article 4638, Revised Civil Statutes of Texas, as follows:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way

as the court shall deem just and right, having due regard to the rights of each party and their children, if any."

We have concluded that the court did not abuse its discretion in the appointment ·of a receiver and we find no merit in the fourth point as raised by the defendant, and the same is overruled. In support of this conclusion we cite Myrick Inv. Co. v. Amicable Life Ins. Co., Tex. Civ.App., 183 S.W.2d 700, and the authorities cited on page 703 of such opinion.

As has been heretofore said, the best interest of the child is the paramount issue in determining the question of custody. The trial court, having heard the evidence and had an opportunity to observe the parties, has entered his judgment, and the same is binding on this court under the points presented. Therefore, the 5th point as raised by the defendant is overruled.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.