## RIDER v. RIDER.

### No. 14099.

Court of Civil Appeals of Texas. Fort Worth.

June 7, 1940.

Rehearing Denied Sept. 27, 1940.

W. L. Coley, of Fort Worth, for appellant.

Rollins T. Harris, of Monahans, for appellee.

BROWN, Justice.

Appellant brought an action for a divorce decree against his wife and she answered and filed a cross-action for a like decree.

On a trial before the district court, without the intervention of a jury, a decree was entered denying appellant a decree and giving appellee a decree on her cross-petition, and the trial court awarded the care and custody of the three minor children born to the union to the mother, the appellee, gave the father the privilege of having the children visit him during the Christmas holidays for six days and during the Summer vacation for four weeks, and ordering the father to pay for the support of his children the sum of eight dollars weekly.

From this decree the father appeals and urges us to reverse the decree of the trial court.

The most unpleasant tasks that confront our district courts, in civil actions, are those of passing upon suits for dissolution of the marriage contracts that have been entered into, and awarding the care and custody of children who have been born to the contending parents.

Under our system, a liberal discretion is vested in the judges of the district

courts, when these tasks must be performed. We think this is well because they see the parties and witnesses face to face and eye to eye, and they are better enabled to thus analyze the facts and weigh the virtues of the parties and determine what, under all of the facts, seems best for the children.

██ No Q. and A. statement of facts was brought to us, and we have examined the agreed statement, and we find nothing therein to authorize our court to render a judgment holding that the district court has abused the discretion vested in him.

All assignments of error are overruled and the judgment is affirmed. Hickman v. Hickman, Tex.Civ.App., 20 S.W.2d 1073; Article 4639, Revised Civil Statutes.

Affirmed.