### DAVIS et al. v. BASTIN et al.
#### No. 9667.

Court of Civil Appeals of Texas. Austin.

Nov. 5, 1947.

S. D. Hopkins, of San Antonio, for appellants.

Guy Bonham, Herbert Oliver and John Peace, all of San Antonio, for appellees.

McCLENDON, Chief Justice.

This proceeding styled "Motion and Application to Change Judgment," was brought by Harriott Bastin (mother of Gay Davis, a daughter about six years old, by her former husband, B. B. Davis, deceased) joined by her husband, in the 45th Judicial District Court of Bexar County, in which they sought to have annulled or modified a previous judgment of that court by which Gay was adjudged a dependent and neglected child, her custody vested in Clifford Davis, her paternal uncle, who resided in Luling, Caldwell County, and the parental rights of her mother and stepfather terminated. By way of cross-action the uncle and his wife made application to adopt the child. The judgment denied the application to cancel the original judgment, but modified it in certain respects not here in issue. It also denied the application of the Davises to adopt. It is from that portion of the judgment alone that the appeal is taken. The Bastins have moved to dismiss the appeal on the ground that the portion of the judgment denying adoption is not final.

The judgment was rendered November 21, 1945, the venerable and distinguished district judge, Hon. S. G. Taylor, presiding, and evidences great care and solicitude for the welfare of the child in its drafting. Specifically it provides that the custody awarded is subject to the further orders of the court, and that the child's legal residence shall be maintained in Bexar County, Texas, and the placing of said child in the home of Clifford at Luling, "shall be strictly of a temporary nature until such time as said child may be permanently adopted in a suitable home by an order of a court of competent jurisdiction but no application for adoption shall be filed or sought until six months from this date," the court reserving all rights over the care, custody, maintenance and education of the child, and to make such investigations and orders as the court may deem proper. The wording of that portion of the order appealed from was that "the petition to adopt said minor child, Gay Davis, is denied," immediately followed by: "It is further ordered, adjudged and decreed by the court that this court retain jurisdiction of the subject matter and that the orders made herein will continue in force until further orders of this court."

Findings of fact and conclusions of law filed by the trial judge recited (inter alia) the following:

"3. I find that Clifford Davis and his wife, Estelle Davis, have properly cared for said child since the child's custody was given to the said Clifford Davis by an order of this Court and who retains said custody subject to the further orders of this Court and that Clifford Davis and his wife, Estelle Davis, are morally and financially capable and willing to care for said child and are proper persons to adopt said child.

"4. That this Court denied Clifford Davis' and Estelle Davis' petition to adopt said minor child because there had been no investigator appointed by the Court to investigate petitioners as the law requires.

"5. I find under proper proceedings made to this Court, the minor child, Gay Davis, may be adopted.

"Conclusions of Law

"1. This Court having heretofore adjudged the minor child, Gay Davis, a dependent and neglected child with the parental rights of the parents terminated, with the care and custody of said child, under orders of this Court, vested in Clifford Davis, makes said child subject to adoption under proper application.

"2. Clifford Davis and his wife, Estelle Davis, being able and willing, morally and financially capable persons to adopt said child, made the necessary application to adopt but failed to comply with the law in having an investigator appointed to investigate the petitioners as required by law, the Court being bound by the procedure required by law, was forced to deny the petition of Clifford Davis and Estelle Davis to adopt the minor child, Gay Davis."

The investigation referred to in these findings and conclusions is that required by Sec. 2 of Art. 46a, Vernon's Ann.Civ. St., which reads: "Sec. 2. Upon the filing of such petition for the adoption of any minor child, the Court or Judge shall cause an investigation to be made of the former environment and antecedents of the child for the purpose of ascertaining whether he is the proper subject for adoption, and of the home of the petitioner to determine whether it is a suitable home for the child. Such investigation shall be made by a suitable person selected by the Court. The results of such investigation shall be embodied in a full written report, which shall be submitted to the court at or prior to the hearing on the petition and which shall be filed with the records of the proceedings and become a part thereof."

■ The language of this section is mandatory in form and from its inherent purpose it is evident that it be so construed in fact.

It is manifest that there was no adjudication of the adoption application, and that the court retained jurisdiction over the exercise of the right of adoption. Specifically the court declined to pass upon the application until the provisions of Sec. 2 should be complied with, and held that "under proper proceedings made to this Court" the child "may be adopted."

The application for adoption did not ask for the appointment of an investigator, and the record does not show that the matter was called to the attention of the court, or any request for court action thereon was made. The findings and conclusions point out to the Davises how they might obtain a judgment of adoption. "Proper proceedings made to this court," clearly meant compliance with the provisions of Sec. 2. Had they then made application to the court for appointment of an investigator, they could have had an adjudication upon the matter (favorable to them if the report and evidence warranted), without the delay and expense incident to appeal. The court certainly would not have declined to comply with a statute which he himself deemed mandatory.

■ Having declined to adjudicate the application on the specific stated ground, and having retained jurisdiction of the subject matter the "order" (it is so headed) is not a final judgment from which an appeal would lie. The principle here involved is elementary; its application we think is obvious.

The appeal is dismissed without prejudice to the rights of the Davises to further proceed as above indicated.

Dismissed without prejudice.