**COOKSEY v. PERKINS et ux.**

No. 12597.

Court of Civil Appeals of Texas.

Galveston.

Jan. 7, 1954.

Rehearing Denied Jan. 28, 1954.

C. B. Stanley, Houston, for appellant.

L. L. Elliott, Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 129th District Court of Harris County, Honorable Dan W. Jackson presiding without a jury, denying the appellant, James P. Cooksey, the custody of the six year old boy, Garrell Lynn Cooksey, and vesting such custody in the appellees, Thomas Perkins and wife, Marjorie Perkins.

The record of such judgment is brought here in two transcripts, the first one containing all the usual records of the court's proceedings below, except what are termed by the trial court "confidential reports of the Probation Department heretofore filed in the above entitled and numbered causes respectively, and heretofore duly considered by the Court in arriving at this Court's decision and judgment, * * *." The court filed extended findings and amendments thereto of fact and law in support of its final determination as so made.

The record is long, involved, and in consequence cannot be pursued into all of its reaches. As indicated, the second one of the transcripts brought here and termed "Supplemental Transcript No. 412,583" contains the originals of two reports of the Probation Department of Harris County made to the trial court pursuant to its order therefor regarding the parties be-

fore it as applicants for the custody of such minor child, which the court so characterized. It further certified that it had so officially received and had ordered read aloud in open court such two reports.

Despite the extensive arguments and record so presented to this Court for its consideration, it is held that the controlling questions of law presented here may be properly reduced to these two: (1) Did the trial court err in so ordering the investigation of the fitness of the parties for custodians of the young minor, and considering their reports as a part of its consideration of the relative qualifications of the applicants for such custody? and (2) Was there sufficient evidence to support the trial court's findings of fact that the appellees, Thomas Perkins and Marjorie Perkins, were more fit and proper persons to have the care, custody and control of the minor child than the appellant, James P. Cooksey? Both of these issues of law, it is determined, should be answered in the affirmative.

■ As concerns the first one, there seems to be no substantial doubt that the trial court's procedure in that matter was fully authorized by our procedure and supporting authorities. In directing the forwarding of such confidential reports to this Court in a supplemental transcript, the trial court was careful to certify that such reports had been by it "heretofore duly considered by the Court in arriving at this Court's decision and judgment in said consolidated causes." Such action would seem to be directly authorized by Art. 46a, Sec. 2, Vernon's Ann.Tex.Civ.St. Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988, 989; Davis v. Bastin, Tex.Civ.App., 205 S. W.2d 838; Hickman v. Smith, Tex.Civ. App., 238 S.W.2d 838.

Furthermore, it does not appear that at the proper time and in the proper manner the appellant objected to the trial court's procedure in so receiving and reading such reports in open court during the trial.

■ As concerns the sufficiency of the evidence to sustain the trial court's findings

of fact to the effect that the appellees were fit and proper persons to have the care, custody and control of the minor child, there is, in the opinion of this Court, no doubt. In like manner of thoroughness as in so directing and receiving the results of the Probation Department's investigations, the Court further explored the entire background of the appellees, upon their claims that they were fit and proper persons to be given the custody of the child. It would be going beyond the requirements to undertake a restatement of the evidence upon that subject, since, as this Court views it, it fully supported and justified the trial court's findings.

■ The rule of law upon this subject is that the custody of a minor child in such circumstances rests within the sound discretion of the trial court, and its action will not be disturbed on appeal, unless the award is so contrary to the great preponderance of the evidence as to show that there was an abuse of discretion. Brillhart v. Brillhart, Tex.Civ.App., 176 S.W. 2d 229; Rider v. Rider, Tex.Civ.App., 143 S.W.2d 222; Patterson v. Wilson, Tex.Civ. App., 177 S.W.2d 1004; Lyle v. Lyle, Tex. Civ.App., 141 S.W.2d 960; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99; Neal v. Medcalf, Tex.Civ. App., 244 S.W.2d 666; and Harris v. Tucker, Tex.Civ.App., 245 S.W.2d 992.

As recited supra, it is not deemed essential that other issues be discussed or determined, or that the ramifications of the trial below, through comparisons between the litigating parties, in reference to their qualifications in either personal or financial respects, be further pursued; all of those matters were for the determination of the trial court, in the exercise of its broad powers and discretion; further, as before recited, there has been no sufficient showing that the able trial judge in any way abused the broad discretion that was his under the law in just such a case as this one is shown to have been developed before him, under

the pleadings and the wide range of testimony he heard in support thereof.

Without further discussion, the judgment will be affirmed.

Affirmed.