Wilda Norene REON, Appellant,

v.

Marjory THOMPSON, Appellee.

No. 14916.

Court of Civil Appeals of Texas.

Dallas.

March 18, 1955.

Rehearing Denied April 22, 1955.

Robert E. White, Dallas, for appellant.

Edward C. Fritz, Dallas, for appellee.

CRAMER, Justice.

Appellant is the natural mother of the minor child Linda. Appellee, in an ex parte proceeding, by decree dated Oct. 24, 1952, reciting that the natural parent of the child Linda has voluntarily abandoned and deserted said minor child and has left the child to the care, control, and management of Marjory Thompson for a period of more than two years; that the mother Wilda Reon has not contributed substantially to the child's support commensurate with her financial ability for the past two years; that all preliminary notices and processes necessary to give the court jurisdiction to hear and determine the case have been given and are on file; that petitioner Mrs. Marjory Thompson is a proper person to adopt said child; that it is to the best interests of the child that such petition for adoption be granted, was awarded the custody of the child, and all rights of the natural mother and all other persons were terminated. The decree also changed the child's name to Linda Cheryl Thompson.

The record shows that neither Wilda Reon, nor the father of the child, filed a consent in writing or otherwise to such adoption; and neither was a party to, or was served with process, or waived service in the adoption proceedings. Wilda Reon alleged in her sworn petition in the present proceeding that the decree was procured by fraud, circumvention, and upon false testimony; that the findings of the court in such judgment that the child was a proper subject of adoption and that the natural parent, appellant here, Wilda Reon, has voluntarily abandoned and deserted said child and has left the child to the care, custody, and control of appellee Marjory Thompson, a feme sole, for a period of more than two years, and the natural parent has not contributed substantially to the support of said child commensurate with her financial ability for the past two years, are based upon false and perjured testimony; further alleged she was served with no process in, and had received no notice of, said adoption proceedings; that the adoption proceedings and the judgment were without the knowledge or consent of the child's natural parents; that the petitioner did not voluntarily abandon or desert her child; did not leave the child to the care, control, custody, and management of Marjory Thompson for more than two years. She also alleged that she contributed in a substantial manner money, clothing, and care, to the support of said child commensurate with her financial ability, and did so for the two years immediately preceding the filing of appellee's petition for adoption.

She also alleged in said sworn petition that the annulment and vacation of said decree would be to the best interests of the child. She further alleged that the judgment does not find that the adoption was granted with the written consent of the judge of the juvenile court in the county of the child's residence. Further that the court lacked jurisdiction because of fraud on the court and the over reaching practice and testimony of respondent Thompson; also sought and obtained a temporary restraining order.

Appellee answered by sworn pleading that the child Linda is in her custody under the judgment of Oct. 24, 1952. Otherwise generally denied all allegations and affirmatively set up that appellant has disqualified herself from any parental rights to the child by having abandoned her for more than two years before filing her petition and also by being a person totally unfit to have her care and custody; in the alternative, by allegations as to her own fitness in the event the former adoption judgment is not valid; and seeks now to adopt the child by cross action. The cross action was answered by general demurrer, special exceptions and general and special denials.

Thereafter Marjory Thompson filed her motion for summary judgment on the grounds, in substance, that the direct attack herein filed shows on its face that the adoption judgment has not been modified or set aside and is a valid and subsisting judgment; that appellant attempts to attack said judgment on the basis of alleged false testimony concerning the failure of appellant to support the child commensurate with her financial ability for two years before the adoption proceeding. That such attack states no cause of action and even if it did, the allegations of appellant are untrue as shown by the affidavit of Mrs. Thompson attached to her pleading. Further alleged that the allegations are insufficient to set aside the judgment of Oct. 24, 1952.

The trial court, after considering the motion, sustained it and entered the judgment here appealed from which granted Mrs. Marjory Thompson, a feme sole, leave to adopt the child, and terminated the rights of all others to the care, control, and custody of the child.

Appellant has duly perfected this appeal and here briefs five points of error in substance: Error in (1) the finding of non-existence of a genuine material fact issue when such issue appears in the pleadings as well as upon the face of appellee's motion for summary judgment; (2) in holding that "This judgment completely disposes of the issues between the parties" and "Any issue raised by any pleadings filed herein * * * is here now dismissed." (3) In refusing to hear evidence of fraud demonstrating no jurisdiction of the trial court to render the adoption decree; (4) in holding there was an absence of a genuine issue of fact since the judgment does not show it was granted upon "the written consent of the juvenile judge of the county of such child's residence as required by Art. 46a, sec. 6, V.A.C.S., and is therefore void on its face." (5) In rendering summary judgment which does not comply with Rule 166-A, Texas Rules of Civil Procedure.

Points 1, 2, 3, and 5 are answered by counterpoint 1 in substance, that appellant has "failed to raise a disputed issue of fact for consideration in connection with respondent's motion for summary judgment." Point 4 is answered by counterpoint 2 in substance, that the consent of the juvenile judge was obviously granted when the juvenile court entered the adoption decree.

The record shows that the adoption decree under which appellee has custody of the child was entered without notice or written consent by appellant, but was entered under the authority of Art. 46a, sec. 6, para. 1, which provides: "Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control, and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

Appellant's statement under point one in general is as follows: "If there is a dispute or conflict in the proof, the motion for summary judgment should be denied. The conflict appears on the *face* of said motion (as well as in the pleadings) wherein defendants say that what plaintiffs say 'is untrue,' and point out what she says is untrue."

Appellant in her sworn petition stated: "III. Because said judgment and decree of adoption was procured by fraud, circumvention, and upon false and perjured testimony, and the finding in said judgment 'that said child is a proper subject of adop-

tion; that the natural parent of the minor child, Mrs. Wilda Reon, has voluntarily abandoned and deserted said minor child, and has left such child to the care, custody, control, and management of the petitioner (Mrs. Marjory Thompson, a feme sole) herein for a period of more than two (2) years, and that said natural parent, Mrs. Wilda Reon, has not contributed substantially to the support of such minor child commensurate with her financial ability for the past two (2) years' is based upon false and perjured testimony. * * * V. Because the said Marjory Thompson is petitioner's sister, and as said child's aunt had opportunity and occasion to be with and see said child on occasion, but petitioner never did and never intended to voluntarily surrender said child to the said Marjory Thompson for the purpose of adoption, and said respondent took advantage of petitioner's temporary absence, and filed and obtained such adoption judgment without petitioner's knowledge or consent. * * * VII. Because petitioner herein did not leave such child to the care, custody, control, and management of the said Marjory Thompson for a period of more than two (2) years. VIII. Because petitioner, Wilda Norene Reon, contributed in a substantial manner money, clothing, and care to the support of such minor child commensurate with her financial ability, and did so for the two (2) years immediately preceding the filing of said petition for adoption. * * * XI. Because the court lacked jurisdiction in this matter because of the fraud perpetrated upon the court and because of the over reaching practice and testimony of the respondent, Marjory Thompson."

Such sworn pleadings in our opinion made questions of fact on the issues of fraud in the procuring of the original decree, rendered as it was without notice or service upon appellant, whose rights as the natural mother of the child were affected by the decree.

Questions of fact having been present in the sworn pleadings, material to setting aside the former decree, points 1, 2, 3, and 5 are sustained.

■ Point 4 is fully answered in counterpoint 2. A District Judge of Dallas County sitting as the Juvenile Judge caused the entry of the judgment involved in Vol. M, at p. 279 of the Juvenile Court; and the Judge of the Juvenile Court, when he signed the minutes for the term, the record sufficiently showed his written consent to the entry of the judgment and to the adoption provided for therein. Point 4 is overruled.

For the error in the trial court's rulings involved in points 1, 2, 3, and 5 the judgment below must be reversed and the cause remanded for a trial upon the merits.

Reversed and remanded.