Clara A. PERDUE et vir, Appellants,

v.

G. E. WALDEN, Jr., Appellee.

No. 3299.

Court of Civil Appeals of Texas.

Waco.

Sept. 29, 1955.

Walker, Baker & Altaras, Cleburne, for appellants.

Gean B. Turner, Cleburne, for appellee.

McDONALD, Chief Justice.

This is a child custody contest between the father and the mother of a 5 year old girl. The father was plaintiff and the mother defendant in the Trial Court and will be so referred to here. After a trial without a jury, judgment was rendered in favor of the father. The Trial Court filed Findings of Fact and Conclusions of Law, which find that the plaintiff and defendant were formerly husband and wife and that the child Rhonda Jean Walden was born as issue of their marriage; that they were divorced in 1950 and that the custody of Rhonda Jean was awarded to the defendant mother; that both plaintiff and defendant have remarried; that conditions have materially changed since the 1950 divorce with reference to the care and treatment of the minor child Rhonda Jean; that the defend-

ant mother has been guilty of drinking intoxicating liquor to excess, is neglectful of the child and entrusts her to persons other than herself; that defendant's conduct is unbecoming of a mother and that she has been intoxicated and in night clubs and "honky-tonks"; that she has been arrested several times for drunkenness in a public place and has been placed in jail charged with drunkenness in a public place; that she has been in the Cleburne jail, in which town she and the minor child live; and also in the Fort Worth jail; that she is not a proper person to have custody of her minor daughter. The Court further found that there was testimony that defendant's husband, James Perdue, had admitted to the District Attorney that he had placed his hands on the private parts of the child, and that James Perdue was not a proper person to have custody of the minor child or a proper person to have access in any way to the minor child. The Trial Court further found that the plaintiff father has remarried, has two children by his present wife, makes a good living and maintains a good Christian home, and that it is to the best interest of the minor child that she be placed in the custody of her father, the plaintiff. The Trial Court further found that the plaintiff was not guilty of failing to make support payments required of him in the 1950 divorce. The Trial Court concluded as a matter of law that it was to the best interest of the minor child that her custody be changed from defendant, her mother, to the plaintiff, her father.

The defendant appeals, contending that the Trial Court abused its discretion in changing the custody of the minor child from the mother to the father.

■■ In the consideration of any child custody case the matter of paramount importance is the highest welfare and best interest of the child. Furthermore, in the determination of what is best for the child, the Trial Court is vested with broad discretionary powers and its findings and judgment in such matters will not be disturbed unless there is a clear abuse of discretion. Gallagher v. Die, Tex.Civ.App.,

260 S.W.2d 128; Cavender v. Asbeck, Tex. Civ.App., 259 S.W.2d 578; Rousseau v. Rousseau, Tex.Civ.App., 268 S.W.2d 556; Coker v. Harris, Tex.Civ.App., 281 S.W.2d 100.

■ A careful review of the record discloses an abundance of evidence to support the findings of the Trial Court; in fact, we think that under the state of the record as presented, the Trial Court could not have reached any other conclusion than the one reached, as to what was to the best interest of the minor child.

■ Defendant further complains that the Trial Court erred in permitting the District Attorney to testify as to what the defendant's husband, James Perdue, told him; and in permitting nonexpert witnesses to give hearsay and opinion testimony; and in finding that the plaintiff did not owe support payments.

This record reflects that James Perdue, husband of the defendant, lived in the same home with the defendant and the child, was a party himself to this suit, but was absent from the trial though defendant testified that he was in town the day of the trial. The record further reflects that the District Attorney testified that Perdue had admitted to him that he was guilty of fondling the private parts of the child.

In determining issues concerning the custody of a child the technical rules of practice and procedure are of little importance. The welfare and best interest of the child are the paramount questions. Great latitude is accorded the Trial Court in such cases in the admission of evidence which bears on the question of paramount interest. The consideration by the court of a Probation Department's confidential report on the respective parties as to their fitness to be given custody has been held proper. We think that the District Attorney's testimony was admissible on the proposition that it aids the court in determining which home would be for the best interest of the child. See: Baker v. Willis, Tex.Civ.App., 238 S.W.2d 544; Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347;

Cooksey v. Perkins, Tex.Civ.App., 263 S.W. 2d 952.

The fact that some witnesses gave hearsay and opinion testimony constitutes no reversible error since the record affirmatively shows that the Trial Court did not rely on same in arriving at his findings and conclusions. The finding that the plaintiff did not owe support payments is amply supported by the record.

It follows that all of defendants' points are overruled and the judgment of the Trial Court is affirmed.