Allien TURNER et vir, Appellants,

v.

Frank R. GOELZ, Appellee.

No. 3394.

Court of Civil Appeals of Texas.

Waco.

Nov. 28, 1956.

Rehearing Denied Dec. 20, 1956.

Chaney & Harless, Dallas, for appellants.

Leland M. Johnson, W. H. Hall, Dallas, for appellee.

McDONALD, Chief Justice.

This is a suit in the nature of a Bill of Review filed by plaintiffs to set aside the adoption of a minor child, Carol Anne Goelz, and in the alternative to change her custody and that of her half-brother, Dick Goelz. The plaintiffs Allien and C. W. Turner are the maternal grandparents of the children Carol Anne and Dick Goelz, and the defendant Frank Goelz is the adoptive father of Carol Anne and the natural father of Dick Goelz. All parties are residents of Dallas County, Texas. The mother of the two children, Mary Lou Turner, was first married to Melvin Dishman, and divorced from him in 1947. Three weeks after the divorce Carol Anne was born. The judgment of divorce found that Mary Lou Dishman was enciente and awarded custody of the child in future, when born, to Mary Lou Dishman. In 1952 Mary Lou Dishman married defendant Frank Goelz. Thereafter Frank Goelz, joined by Mary Lou Goelz, mother of Carol Anne Dishman, filed application to adopt Carol Anne in the Juvenile Court of Dallas County. On 13 March 1953 said application was granted by W. M. Taylor, Judge of the 134th District Court, sitting for the Juvenile Court of Dallas County, Texas. At the time of the filing of the application for adoption and the granting of said adoption, the 116th District Court was the duly designated Juvenile Court of Dallas County and presided over by John A. Rawlins. There is no instrument of consent signed by John A. Rawlins in the adoption nor did he sign the Minutes of the Juvenile Court for the January 1953 term. Melvin Dishman, father of Carol Anne, did not sign a written consent for her adoption nor did he sign a waiver nor was he cited to appear in said adoption proceedings. Melvin Dishman deserted Mary Lou Dishman prior to the birth of Carol Anne, and though he knew of her birth, which occurred three weeks after the divorce, he left said child to the care, control and management of other persons from the date of her birth to the present. Dishman had not contributed to the support of Carol Anne from the date of her birth and for more than two years prior to her adoption by Goelz. Mary Lou Goelz, mother of the two children, died in October 1955, and left surviving her husband, Frank Goelz, and her two children, Carol Anne and Dick Goelz, whose natural father was Frank Goelz.

Trial was before the court without a jury, which, after hearing, rendered judgment denying plaintiffs' application to set aside the adoption of Carol Anne Goelz and denying plaintiffs' application to change custody of Carol Anne and Dick Goelz from defendant to plaintiffs, the grandparents.

The Trial Court filed findings of Fact and Conclusions of Law. The Findings of Fact filed reflect substantially the facts as set out above, together with the additional findings: That defendant Goelz was at the time of the adoption and at all times since a suitable person to adopt Carol Anne, and that his home was on such date and at all times since a suitable home for said child. That Frank Goelz is a suitable, fit and proper person to rear and control and have the custody of Carol Anne and Dick Goelz and the best interest and welfare of said minor children will be best served by leaving their custody, care and control in Frank Goelz.

The Conclusions of Law filed by the Trial Court are:

1) All the requirements of law were complied with in the adoption of Carol Anne Dishman by Frank Goelz.

2) The judgment of adoption of Carol Anne Dishman by Frank Goelz is a valid and binding judgment.

3) Signing of the adoption decree by W. M. Taylor, sitting for the Juvenile Court

of Dallas County, was tantamount to giving consent by the Juvenile Judge of Dallas County.

4) There was no material misrepresentation in the facts of the adoption of Carol Anne Dishman by Frank Goelz.

5) Allien Turner and husband did not have any justiciable interest in a Bill of Review to set aside the adoption of Carol Anne Dishman.

6) There has not been a sufficient change of condition affecting the best interest and welfare of Carol Anne and Dick Goelz to warrant a change in custody.

7) The best interest and welfare of Carol Anne and Dick Goelz are best served by Frank Goelz retaining custody.

Plaintiffs (grandparents) appeal, contending: 1) The judgment of adoption of Carol Anne was void and should be set aside because the Juvenile Judge did not give written consent for same. 2) The judgment of adoption of Carol Anne should be set aside because defendant Goelz obtained same by false testimony and concealment of material facts. 3) Custody of an adopted child should be taken away from the adoptive parent where the evidence shows the adoptive parent to be of bad moral character. 4) The Trial Court erred in holding that the plaintiffs (grandparents) did not have any justiciable interest in a Bill of Review to set aside the adoption of Carol Anne. 5) Where an adoption is void and it is sought to have custody changed from an adoptive parent, it is not necessary for those seeking the change to show to a moral certainty the bad moral character of the adoptive parent, as the best interest of the child would be best served if evidence showed probability of immoral character and unfitness.

The appeal seems to have been abandoned as to the minor Dick Goelz.

Plaintiffs' 1st and 2nd points concern the child Carol Anne only, and contend that the judgment whereby defendant adopted Carol Anne is void because the Juvenile Judge did not give written consent for such adoption; and because the judgment of adoption was obtained by certain false testimony and concealment of certain material facts. No assertion is made by plaintiffs that the judgment of adoption is other than valid on its face or that it was rendered by a court other than one which had jurisdiction to render such a decree. Plaintiffs' contention is that the "Juvenile Judge", John A. Rawlins, did not file his written consent for such adoption; that the adoption was obtained by certain false testimony; and that for such reasons the judgment is void and should be set aside and annulled by this court. The adoption case was tried by Judge W. M. Taylor, Judge of the 134th District Court sitting for the Juvenile Court of Dallas County, Texas. The Trial Court concluded as a matter of law that the signing of the adoption decree by Judge Taylor while sitting in such capacity was tantamount to giving consent by the Juvenile Judge and that the judgment of adoption was a valid and binding judgment.

While we agree with the foregoing conclusion, and further, do not think that the plaintiffs established in anywise that the adoption was obtained by false testimony, such is not necessary to our conclusion that both points should be overruled. We have here an attack upon the vitality of a solemn judgment of a court, brought some three years later by parties having no interest whatsoever in the judgment at the time of its rendition. It may be that the natural father of the child so adopted might at this late date come into Juvenile Court where the adoption occurred, and undertake to set same aside upon the grounds asserted in plaintiffs' 1st and 2nd points, in that he did not give his consent to the adoption and had no notice of the proceeding. But he has not done so, and we do not believe that plaintiffs herein have such an interest in the matter that they can now be heard to assert that the

adoption should be set aside and annulled. Plaintiffs' 1st and 2nd contentions are overruled. From what has been said it follows that plaintiffs' 4th contention is also overruled.

Plaintiffs' 3rd and 5th contentions likewise seem to concern the child Carol Anne only, and contend that custody of an adopted child should be taken away from the adoptive parent when the evidence shows the adoptive parent to be of bad moral character; and in a case such as the one at bar that it is not necessary that those seeking a change of custody should show to a moral certainty the bad moral character of the adoptive parent.

Section 7, Article 46a, R.C.S., authorizes the taking away from an adoptive parent of the custody of the adopted child and awarding the same to its natural parents, or to any other person, upon proof of the bad moral character of such adoptive parent.

■ The Trial Court found that defendant Goelz, the adoptive parent of Carol Anne and the natural parent of Dick Goelz, was a proper, suitable and fit person to have the custody and control of both minor children, and that the best interest and welfare of said minor children will be best served by leaving their care, custody and control in the defendant Goelz. Without reciting the evidence, it is our view that the record before us not only amply sustains the findings of the Trial Court, but that in view of the record the Trial Court could not have done otherwise. While plaintiffs sought to prove defendant Goelz of bad moral character, we think that they failed to do so. Further, we do not think plaintiffs showed a change of conditions affecting the best interest of the minor children as to warrant a change in their custody.

■ Finally, in the consideration of any child custody case the matter of paramount importance is the highest welfare and best interest of the child. Further-

more, in the determination of what is best for the child the Trial Court is vested with broad discretionary powers and its findings and judgment in such matters will not be disturbed unless there is shown a clear abuse of discretion. Perdue v. Walden, Tex. Civ.App., 282 S.W.2d 744; Gallagher v. Die, Tex.Civ.App., 260 S.W.2d 128; Cavender v. Asbeck, Tex.Civ.App., 259 S.W.2d 578; Rousseau v. Rousseau, Tex.Civ.App., 268 S.W.2d 556; Coker v. Harris, Tex.Civ. App., 281 S.W.2d 100. We think the record under review conclusively establishes that it is to the highest welfare and best interest of the minors involved to remain in the custody of defendant.

All of plaintiffs' points have been carefully considered and are overruled. The judgment of the Trial Court is affirmed.

HALE, J., not participating.