M. K. HIGGINBOTHAM, Appellant,

v.

M. L. BAGLEY, Appellee.

No. 6399.

Court of Civil Appeals of Texas.

Beaumont.

March 23, 1961.

Rehearing Denied April 12, 1961.

John T. Buckley, Cleveland, for appellant.

E. E. Davis, Dayton, R. E. Biggs, Liberty, for appellee.

ANDERSON, Chief Justice.

The suit, in form of trespass to try title, was brought by appellee to recover title to and possession of land in Liberty County, a part of Lot 1, Block 45, in the town or city of Dayton, West Liberty Town League. Appellant answered by plea of not guilty and by specially pleading the statutes of limitation of ten and twenty-five years. Trial was to the court, without a jury. Appellee was granted the relief for which he prayed.

It is questionable as to whether any of what appellant has brought forward as his four points of error is sufficient under the briefing rules to be entitled to consideration, but we shall nonetheless take note of the following contentions: 1) the contention that the evidence conclusively proved that the boundary between appellant's land and appellee's land had been established by agreement; 2) the contention that the evidence conclusively proved that appellant and those under whom he claims title had perfected title under the ten-year statute of limitations; 3) the contention that the trial court erred in admitting into evidence a certain document. We consider none of the contentions well founded.

The trial court neither filed nor was requested to file findings of fact and conclusions of law. The evidence will therefore be viewed in the light most favorable to the judgment.

Only a narrow strip of land is involved. It is adjacent to and west of the true dividing line between the east and west halves of the aforesaid Lot 1, extends from the lot's south line to the lot's north line, and is bounded on the west by an old fence line. The strip is 62.1 feet wide at its south end, 48.2 feet wide at its north end. Its length is substantial, as Lot 1 contains twelve acres of land and is in the form of a square.

Appellee holds record title to the west half of Lot 1, therefore to the land in suit. Appellant owns at least an undivided interest in the east half of the lot and whatever title those from whom he purchased held to the land in suit.

James Hunt formerly owned Lot 1 and an adjoining lot to the west of it, Lot 4, Block 44. In 1916 he and his wife conveyed the east half of Lot 1, Block 45, to Dave Roberts. In 1921 they conveyed the west half of the lot and all of Lot 4, Block 44, to Walter Bagley, who was appellee's father. In the meantime Hunt had built a fence across the east end of his land and had left between it and his true east line the strip of land that is in dispute. A fence, in varying states of repair, has been maintained on or near the original fence line ever since. For more than ten consecutive years a fence in a good state of repair was maintained on the fence line continuously. During those years, and in all others after the fence was first erected, Roberts or those holding under him occupied, cultivated, used and enjoyed the land east of the fence. This land was all the while enclosed, and the fences on its north and south connected to the fence we have been describing. Appellant first acquired an interest in the land east of the fence in 1957, and it was about this time that a survey was first made for the purpose of ascertaining the true location of the dividing line between the east and west halves of Lot 1. The suit was instituted less than two years later.

Irrespective of what findings with reference thereto it might support, the evidence does not require a finding that the fence line along the west side of the land in suit is an agreed division line, nor does it require a finding that appellant holds limitation title to the land that is involved.

There is no direct evidence of an express agreement as to the location of the dividing line, and the circumstances on which appellant relies as proof of an agreement are not of compelling force. A major premise of appellant's argument is that James Hunt and Dave Roberts together, rather than James Hunt alone, built the

original fence that was built across the east end of Hunt's land, but this community of effort is not an established fact. Although there is evidence from which joint action might have been inferred, there is also evidence to support a finding that the fence was built by Hunt alone, and this is the evidence by which we must be governed. It was because of this that we said earlier that Hunt built the fence. However, if a community of effort between Hunt and Roberts were an established fact, it would not be available to appellant. It would have antedated the conveyance to Walter Bagley in 1921, and the parties stipulated that Walter Bagley was the common source of title; appellant would not be heard to say that the agreed common source did not hold title. Crabtree v. Whiteselle, 65 Tex. 111, 115. Appellee admitted a community of action between himself, his father, and Dave Roberts in keeping up the fence, but he also said that they acted together under an express agreement that when located by a survey the true dividing line would be honored by all parties. He further said that as repaired and rebuilt by himself, his father, and Dave Roberts the fence at times stood east and at times stood west of its original location. This evidence not only does not compel a conclusion of agreement on the fence line as the dividing line, but negatives that concept. There remains, then, only the evidence that establishes that the owners of the west half of Block 1 acquiesced for many years in the use of the fence and of the land east of it by the owners and occupants of the east half of the lot. This is not sufficient to require a finding that the fence line was agreed to as the dividing line. Gulf Oil Corporation v. Marathon Oil Co., 137 Tex. 59, 152 S.W. 2d 711, 714, wherein it was said: "Acquiescence in a line over a period of several years is evidence from which it may be inferred that the parties had agreed to the line, but it is not conclusive evidence of that fact."

■ As regards appellant's claim of limitation title, we shall first say that appellant did not himself have possession for a sufficient time before suit to affect the matter. Those under whom he claims title had possession for a sufficient period of time, but the evidence does not conclusively prove that their possession was adverse and hostile to the title and rights of the true owners. Not being conclusive in the respect last mentioned, the evidence does not conclusively establish that appellant has limitation title to the land. Arts. 5510, 5515, Vernon's Ann.Civ.St.; 2 Tex.Jur.2d, Adverse Possession, Sec. 60, p. 125, et seq., and the cases there collated. A witness who for some fifteen years owned and occupied an acre of land in the southwest corner of the east half of Lot 1 testified that she at no time claimed any land not described in her deed. There was also evidence to the effect that Roberts only claimed the land covered by his deed. This probably amounted to nothing more than the opinion of the witness or witnesses who so testified, but this is also true of the testimony of the witness or witnesses who testified that Roberts claimed the land in question. No one testified to having ever heard Roberts express a claim to the land or say anything that would shed light on his attitude toward it. There was only his possession and use, and this must be viewed in the light of appellee's testimony to the effect that there was an agreement between him and Roberts, in the presence of appellee's father, that the true line would be honored when established. The burden of proving limitation title was on appellant, and we do not feel that he discharged it in a conclusive manner.

■■ Appellant complains because the trial court received in evidence a document which had been executed by Laura Roberts, who had been the wife of Dave Roberts. Dave had conveyed to Laura an interest in the east half of Lot 1, and it is to be inferred that Laura had lived on the land. For all that the record shows, she was still living on the land when she signed the instrument and when the case was tried. The instrument was in the nature of an

acknowledgment of tenancy and recited that the affiant had used the land in suit only as a tenant of its owners. Appellant made no objection to the introduction of the instrument. Therefore, we are perhaps under no duty to consider the point by which he assigns error to the matter. But we shall say that, with or without objection, the trial court's action in receiving the document in evidence did not constitute reversible error. The record does not affirmatively show that the instrument was inadmissible. But assuming that appellant does not hold under Laura Roberts and that the instrument was both hearsay and irrelevant, reversible error is not presented. Not only will the trial court be presumed to have disregarded it if those were the facts, but we are unable to see how, in such circumstances, the instrument could have operated to appellant's detriment.

Appellant's points are all overruled and the judgment of the trial court is affirmed.

McNEILL, J., not sitting.