**Paul BURRELL, Appellant,**

**v.**

**Richard James VanLOH, Appellee.**

**No. 16744.**

Court of Civil Appeals of Texas.

Fort Worth.

June 17, 1966.

Anderson & Cherry, and Lyle B. Cherry, Wichita Falls, for appellant.

Jones, Fillmore, Robinson & Lambert, and Glynn Purtle, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

This is an adoption case.

Petition was filed by Richard James Van-Loh, appellee, for the adoption of the minor Kenneth Gordon Burrell. The minor child is the son of Paul Burrell and the former Mary Hall Burrell, now Mary Hall VanLoh.

VanLoh and the former Mrs. Burrell were married soon after Burrell and Mary were divorced. The present Mrs. VanLoh was granted custody of the child in July of 1963. The petition for adoption was filed in August, 1965, and adoption granted on December 16, 1965.

On appeal appellant contends the court erred in granting adoption in the absence of compliance by appellee with Article 46a, § 6, Vernon's Ann.Civ.St., concerning consent required by the living parents or parent or the juvenile judge or county judge.

The petition alleged that appellant had not contributed to the support of the child during a period more than two years next preceding the filing of the petition.

Appellant was served with citation, filed an answer and appeared with attorney at the hearing.

In view of the pleadings it was not necessary to obtain appellant's consent to the adoption. Art. 46a, § 6.

It was not necessary to obtain the written consent of the mother, she being married to the petitioner. 1 Tex.Jur.2d 696, § 9.

When petitioner shows legal excuse, or an exception under the statute which exempts him from obtaining written consent of the natural parent or parents, he must then obtain the written consent of the judge of the juvenile court, or, if there is no juvenile court, the consent of the county judge of the child's residence.

Appellant contends such consent was not obtained.

The judgment of adoption was entered by the Judge of the 89th District Court. Incorporated in the judgment was the following: "And the Court being also empowered to sit as the Juvenile Court of Wichita County, does hereby expressly grant permission as the Juvenile Court for the above adoption."

The consent, under the circumstances, was in compliance with Art. 46a, § 6. Turner v. Goelz, 296 S.W.2d 596 (Waco Civ.App., 1956, ref., n.r.e.); Reon v. Thompson, 277 S.W.2d 829 (Dallas Civ. App., 1955, ref., n.r.e.); 1 Tex.Jur.2d 710, § 30.

Appellant's points two, three and four are not briefed. They are therefore waived and we overrule them without discussion. Rule 418, Texas Rules of Civil Procedure; Amstater v. Andreas, 273 S.W. 2d 95 (El Paso Civ.App., 1954, ref., n.r.e.); Pride v. Pride, 318 S.W.2d 715 (Dallas Civ.App., 1958, no writ hist.); Stanford v. Brooks, 298 S.W.2d 268 (Fort Worth Civ. App., 1957, no writ hist.); 4 Tex.Jur.2d 166, § 658, "Waiver of assignments of error, and

**862**

points by failure to brief"; Garcia v. Lacey, 316 S.W.2d 183 (San Antonio Civ. App., 1958, no writ hist.); Inman v. Parr, 311 S.W.2d 658 at p. 704 (Beaumont Civ. App., 1958, ref., n.r.e.).

In point five appellant merely states that the evidence was insufficient to support the judgment.

The evidence was conflicting. Appellee testified he had been the sole support of the child for more than two years preceding the filing of the petition. Appellee's wife, mother of the child, testified she had repeatedly asked appellant for support money for the child but he had not furnished any money for the support of the child for more than two years. Appellant testified he had sent some money to appellee's wife.

No findings of fact or conclusions of law were filed by the trial court and none were requested. Under such circumstances we must indulge the presumption that the trial court resolved all fact issues, based on conflicting evidence, in favor of appellee. Duncan v. Willis, 157 Tex. 316, 302 S.W.2d 627 (1957); Construction and General Labor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950); Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74 (1946).

The evidence was ample to support the judgment.

Although not raised as a point of error, appellant suggests that adoption should not be granted for failure of the parent to contribute substantially to the support of the child in situations where the divorce decree does not order support payments.

A primary purpose of Art. 4639a, V.A.C.S., was to enable the courts to enforce child support payments through contempt proceedings. The statute did not abrogate the common law duty of a parent to support his minor children. Clay v.

Siercovich, 388 S.W.2d 25 (Waco Civ.App., 1965, no writ hist.); McGowen v. McGowen, 273 S.W.2d 658 (Fort Worth Civ. App., 1954, dism.); 21 Tex.Jur.2d 9, § 386; Chandler v. Chandler, 323 S.W.2d 377 (San Antonio Civ.App., 1959, dism.).

Affirmed.