**Stephen Francis KIELMAR, Appellant,**

v.

**Billy Burke WILCOXSON, Appellee.**

**No. 510.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1971.

Joe C. Shaffer, Briscoe, Dally & Shaffer, Houston, for appellant.

Felix Kelley, Houston, for appellee.

SAM D. JOHNSON, Justice.

Adoption proceeding instituted by Billy Burke Wilcoxson, the appellee, for the adoption of a minor child, Maria Michele Kielmar. Appellee's wife, Mary Geraldine Wilcoxson, is the child's natural mother and is also the former wife of Stephen Francis Kielmar, the appellant.

During the marriage of Stephen Francis Kielmar and Mary Geraldine Kielmar, now Wilcoxson, one child was born, this being Maria Michele Kielmar. The child, a female, was born on February 21, 1955.

On December 14, 1959 the Kielmars were divorced in Sciota County, Ohio. The Court of Common Pleas of that county ordered the exclusive care, custody and control of the minor child be in her mother and further ordered that the father pay $15.00 per week through the clerk of the court for the support of the minor child. The father was given certain specified visitation rights.

After an intervening marriage, the mother, Mary Geraldine Kielmar, married the appellee, Billy Burke Wilcoxson on September 24, 1966. Maria Michele Kielmar has lived with the appellee and his wife since that time. Approximately three years prior to the instant hearing the Wilcoxsons moved from their home in Portsmouth, Ohio to Houston, Texas as a result of Wilcoxson's employment transfer.

The child support payments ordered by the court were made by the appellant Stephen Francis Kielmar until July, 1968; no child support payments were made thereafter. In October of this same year he, the appellant, married the present Mrs. Kielmar. According to the testimony of the natural mother she phoned her former husband in December of 1968 and asked about child support payments. She testified he laughed and said he did not have to make them. She stated that she did not thereafter make any further request as she felt that her former husband's attitude was the same. The Wilcoxson's Houston address was given to the clerk of the court so that any payments which might be received could be forwarded. No subsequent payments were received, however, and no payments were refused. The appellant made no effort to contact the Wilcoxsons or the minor child relative to any visitation after their move to Houston, and the visitation rights were not exercised.

It was under such circumstances that the petition of Billy Burke Wilcoxson for adoption was filed on November 5, 1970. The petition asserted:

"That the consent of the natural father of said child, Maria Michele Kielmar, need not be given in writing pursuant to the terms of Article 46a, Section 6, Revised Civil Statutes, for the following reasons:

a. The divorce decree mentioned in paragraph II. above awarded support payments of $15.00 per week and the natural father had not complied once since July 1, 1968.

b. The natural father has not contributed anything to the support of the said child for a period longer than two (2) years, but has abandoned her and left her to the care, custody, control and management of her natural mother."

The petition for adoption was contested by Stephen Francis Kielmar. After hearing the trial court granted the adoption prayed for, however and the appellant perfects this appeal.

Article 46a, Texas Revised Civil Statutes Annotated provides:

"Sec. 6(a) Except as otherwise provided in this section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the

**222** ■ ▬▬▬▬▬▬▬

written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

Appellant's single point of error is to the effect that the trial court erred in granting the adoption in that he has not given his consent and that he has " * * * given or offered to contribute to the support of such child commensurate with his financial ability."

The failure of a natural parent to contribute to the support of his child commensurate with his financial ability for a period of more than two years dispenses with the necessity of his consent to an adoption under art. 46, Sec. 6(a), Tex.Rev. Civ.Stat.Ann. Moring v. Dodd, 380 S.W.2d 777 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); Burrell v. VanLoh, 404 S.W.2d 860 (Tex.Civ.App.—Fort Worth 1966, no writ); Lout v. Whitehead, 415 S.W.2d 403 (Tex.1967); Garcia v. Canales, 434 S.W.2d 895 (Tex.Civ.App.—Corpus Christi 1968, no writ). The appellant here related a history of gainful employment from the date of the divorce through the trial of the cause. The record fails to indicate any substantial change in the appellant's employment or income during such period of time. The only intervening factor of significance appears to be the appellant's marriage to the present Mrs. Kielmar, for it was only a few months before this event that he ceased paying child support. We are of the opinion that the appellant's record of employment and income compels the conclusion that he has not contributed to the support of the minor child commensurate with his ability and that the trial court did not abuse its discretion in so holding.

The judgment of the trial court is affirmed.