**Floyd W. ALEXANDER, Appellant,**

v.

**Charles Dan CLOWER and Linda Ann Clower, Appellees.**

**No. 656.**

Court of Civil Appeals of Texas, Tyler.

Oct. 19, 1972.

Rehearing Denied Nov. 9, 1972.

**190**

Enoch G. Fletcher, Grand Saline, for appellant.

R. L. Whitehead, Sr., Longview, for appellees.

McKAY, Justice.

Appellees Charles Dan Clower and Linda Ann Clower petitioned the Domestic Relations Court of Gregg County to adopt a boy who was six years of age and a girl who was four years of age at the time of trial. Both of the minors are the natural children of Linda Ann Clower and appellant who were divorced by judgment of the District Court of Van Zandt County on March 18, 1968, and thereafter Linda Ann Alexander married Charles Dan Clower. Appellees pled that appellant had voluntarily abandoned and deserted the children for more than two years, and that appellant as the natural father failed to pay any child support as ordered by the court in the divorce decree for a period of more than two years. After trial before the court appellees' petition was granted, and judgment of adoption was rendered and the names of the minors changed to Clower as requested.

Appellant by ten points complains that the trial court erred because (1) the children could not have been abandoned by him since the court had awarded custody to the mother; (2) the court considered the report of the investigator, and made such report a part of the findings of fact and conclusion of law; (3) the two-year period of failure to support the children does not apply under the facts of this case; (4) the finding that there was no agreement by Linda Ann Clower "to forego" child support in the event she remarried was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust; (5) Linda Ann Clower was estopped to deny she had an agreement by the statements in her original and amended petition in her divorce suit that if and when she remarried she desired to support the children; and (6) by the failure of Linda Ann Clower to make any demand or claim against appellant he was led to believe that no further support was required of him.

The trial court made findings of fact that (1) the material allegations in the amended petition for adoption were true; (2) there was never any agreement by Linda Ann Clower to forego child support in the event she remarried; (3) appellant failed for a period of more than two years to support the children commensurate with his ability to do so; (4) the report of the investigator is true, and a copy is attached and said report is made a part of the findings and conclusion; (5) it is to the best interest and welfare of the children that they be adopted by petitioners.

The one conclusion of law was to the effect that in the court's discretion he determined that it would be to the best interest

of the children if petitioners be permitted to adopt them.

■ The findings indicate the court found appellant failed to support said children for more than two years commensurate with his ability to do so; therefore, we need not consider the abandonment point. Article 46a, Section 6(a) provides adoption may be had without the consent of a living parent if such parent has abandoned the child, or has failed to contribute substantially to the support of the child commensurate with his financial ability for a period of two years. Apparently appellant objects particularly to the investigator's report wherein it is stated that appellant "voluntarily abandoned and deserted said children for a period of two (2) years," but the court did not so find in his prepared findings. Even though the court found that such report was true, attached a copy to his findings, and made it a part of them, he did not specifically find abandonment either as a fact or a conclusion of law. The record shows, upon the objection of appellant to the introduction of the report in evidence, the trial judge stated he would not give any weight to any conclusion in the report as to the abandonment or failure to support. However, our courts have held that it is proper to admit and consider the written report of an investigator though much of the report was technically hearsay evidence because Article 46a, V.A.T.S. requires an investigation and the results submitted to the court in a written report, and the court was duty bound to read and consider the report and give it such weight as it deserved. Hickman v. Smith, 238 S.W.2d 838 (Tex.Civ.App., Austin, 1951, error ref.).

■ If there was any error in the trial court's action with respect to the report of the investigator we hold such was harmles. Rule 434, Texas Rules of Civil Procedure. Where the trial is to the court it will be presumed that the court disregarded any inconsistent or inadmissible evidence. Rekdahl v. Long, 407 S.W.2d 339 (Tex.

Civ.App., Eastland, 1966); Affirmed, Tex., 417 S.W.2d 387; Great American Life and Health Insurance Company v. Mayer, 373 S.W.2d 391 (Tex.Civ.App., Waco, 1963, n. r. e.); Higginbotham v. Bagley, 346 S.W. 2d 142 (Tex.Civ.App., Beaumont, 1961, writ dis.).

Article 46a, Section 6(a), V.A.T.S. provides that it shall not be necessary to obtain the written consent of a living parent to the adoption of a minor child if such parent shall not have contributed substantially to the support of such child during a two-year period commensurate with his financial ability. Appellant seeks to show that this provision does not apply in this case because he says there was an agreement between appellant and his former wife that in the event she remarried appellant would not be obligated to provide any further child support and appellee Linda Ann Clower would assume all responsibility of support for the minor children. Appellant's argument is that Linda Ann Clower (then Alexander) in her pleading in her divorce case stated it was her desire "that she assume the full support and maintenance" of the minors in the event she remarried, and further that the judgment in such divorce suit states that it appeared to the court "that plaintiff and defendant have entered into an agreement as to the custody of their minor children and child support." Appellant contends this not only is evidence of an agreement but also estops appellees from claiming otherwise.

The trial court found there was no agreement that appellant could forego child support payments in the event of the remarriage of appellee Linda Ann Clower. The judgment in the divorce case provided that appellant should pay $20.00 per week for child support, and the record reveals that for a period of more than two years he had failed to make any payments at all when he was financially able to do so. The trial court was the trier of the facts, and upon sufficient evidence, found there was no agreement that appellant should not

be required to make the payments ordered by the court for child support if his former wife remarried. Such finding was not contrary to the overwhelming weight of all of the evidence as to be clearly wrong and unjust.

Appellant relies upon Heard v. Bauman, 443 S.W.2d 715 (Tex.Sup., 1969). We are of the opinion that the Heard case may be distinguished on the facts from the instant case. However, the Heard case cites Lout v. Whitehead, 415 S.W.2d 403 (Tex.Sup., 1967) in which the court held that "once a 'two year period of unexcused nonsupport occurs, an adoption of the child without the consent of the father may be granted pursuant to the statutory provisions.' "

▪ Appellant claims Linda Ann Clower is estopped to deny there was an agreement that appellant would not be obligated or required to make child support payments in the event she remarried. We disagree. Linda Ann Clower (then Alexander) by her petition for divorce did state it was her desire to support the children if she remarried, but the court in the judgment ordered appellant to pay $20.00 per week for the support of the children. Appellant also says he was not asked by his former wife for support for the children, but he cannot be excused from these payments on that fact, and as the natural father he had the legal duty to support his minor children whether ordered to do so by the court or not. Laslie v. Cole, 465 S.W.2d 811 (Tex.Civ.App., Corpus Christi, 1971, n. r. e.). Appellant made payments in March, April, May and June, 1968, and did not make any payments thereafter. He did not ask the court to change its order and such order remained in force and effect. Appellant did not show he had used any diligence to ascertain the truth concerning his obligation to contribute to the support of his children. Where the real facts were available he was not justified in relying upon the claimed representation. Barfield v. Howard M. Smith Company of Amarillo, 426 S.W.2d 834 (Tex.Sup., 1968). The elements of estoppel are not present in the record presented here.

In Rubey v. Kuehn, 440 S.W.2d 95 (Tex.Civ.App., Houston 1st, 1969, writ ref.) is found this language: "Clearly, whether an adoption should be granted is within the discretion of the trial court. This discretion is subject to review for abuse. We may not, however, substitute our judgment for that of the trial court just because we might have reached different conclusions." Hutson v. Haggard, 475 S.W.2d 330 (Tex.Civ.App., Beaumont, 1971, n. r. e.).

▪ We find the evidence is sufficient to sustain the trial court's findings and conclusion, and we also conclude that the trial court did not abuse his discretion in granting the petition for adoption. Pearson v. Newton, 371 S.W.2d 126 (Tex.Civ. App., Amarillo, 1963, n. r. e.); Faulkner v. Johnson, 383 S.W.2d 873 (Tex.Civ.App., Waco, 1964, n. r. e.); Kielmar v. Wilcoxson, 470 S.W.2d 220 (Tex.Civ.App., Houston 14th, 1971, n. r. e.).

Judgment of the trial court is affirmed.