Sandra BAGLEY, Appellant,

v.

David Alan SCOTT, Appellee.

No. 8249.

Court of Civil Appeals of Texas,
Beaumont.

April 26, 1979.

Price Daniels, Jr., Liberty, for appellant.

Dennis Beck, Houston, for appellee.

KEITH, Justice.

The appeal is from an order changing the custody of a minor child. In the divorce decree entered in Harris County, the mother was awarded the custody of the child now under the age of fourteen years. Later, the father instituted this suit to change the custodial status of such child and obtained favorable answers from the jury to the requisite special issues. The judgment appointed the father managing conservator of the child and the mother was appointed possessory conservator.

The sufficiency of the evidence is not challenged and the single point of error complains of the trial court's refusal to admit into evidence before the jury three social studies and reports filed pursuant to direction of the court. We have been favored with excellent briefs by each party and now affirm for the reasons to be stated.

After filing his suit to change the custody, the father filed two motions for social studies pursuant to Tex. Family Code Ann. § 11.12 (1975), as amended (Supp.1978–79), and three separate reports appear in our transcript. The authors of the several reports appeared at the trial and testified in detail concerning their findings and the results of examinations by experts of the child involved. Each of these witnesses testified that it would be to the best interest of the minor child that her status *not* be changed. The jury disagreed with all of them.

At the conclusion of the evidence, the mother proffered the several reports in evidence before the jury. Father's counsel objected upon the grounds of hearsay and prejudice,[1] and the court sustained the objection.

At the outset of our discussion we put to one side, as lacking merit, that portion of the objection to the effect that the reports had not been introduced into evi-

1. The complete objection was: "Petitioner objects upon the grounds of hearsay and prejudice, and the fact that they have not properly been introduced into evidence, and the proper predicate has not been laid for their introduction."

dence properly and that no proper predicate had been laid. The statute authorized the trial court to obtain such reports and required that the reports be filed and made a part of the record. Subject to the conditions relating to admissibility found in the statute, such reports constituted governmental records under the provisions of *Tex. Rev.Civ.Stat.Ann. art. 3731a (Supp.1978–79).*

Moreover, the objection that no proper predicate had been laid for the introduction of the reports was "so broad and indefinite that it must be considered a general objection." *Plyler v. City of Pearland,* 489 S.W.2d 459, 461 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.).

However, these findings do not dispose of the question presented on this appeal because the statute authorizing the receipt and filing of such reports contains this language:

> "The agency or person making the social study shall file its findings and conclusions with the court on a date set by the court. The report shall be made a part of the record of the suit; however, *the disclosure of its contents to the jury is subject to the rules of evidence.*" [§ 11.12(c), emphasis supplied]

This being a case tried to a jury, we must now determine the admissibility of the reports in the light of the objection urged.

■ We note, preliminarily, that each of the authors of the several reports testified at length and in great detail in the presence of the jury; and, after considering such reports, we are led ineluctably to the conclusion that the substance of each report was presented to the jury by direct testimony. Ordinarily, under such circumstances, the exclusion of such documentary evidence is harmless. See *Kaufman Northwest, Inc. v. Bi-Stone Fuel Co.,* 529 S.W.2d 281, 286 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.), and authorities therein cited. See also *V. Mueller & Co. v. Corley,* 570 S.W.2d 140, 146 (Tex.Civ.App.—Houston [51st Dist.] 1978,

writ ref'd n.r.e.), where in a similar instance, no abuse of the trial court's discretion was shown by the exclusion of cumulative evidence.

The mother proved the authenticity of the records under the provisions of *Tex.Rev. Civ.Stat.Ann. art. 3737e (Supp.1978–79)* by the testimony of the deputy clerk of the court. But, having established the authenticity of the reports, she still labored under the burden of establishing the admissibility of the contents of the reports under the ordinary rules of evidence.

The appealing mother relies primarily upon three cases cited in the margin[2] to support her contention that the trial court committed reversible error in excluding the written reports. We disagree. In each instance cited, the cause was tried non-jury. In such cases, it will be presumed that the trial judge disregarded and did not consider any evidence which was inadmissible. See *Alexander v. Clower,* 486 S.W.2d 189, 191 (Tex.Civ.App.—Tyler 1972, no writ), and authorities therein cited.

Having reviewed the entire record, we find no error on the part of the trial court in excluding the written reports. Consequently, the judgment is affirmed.

---

**2.** These are the cases cited by appellant: *Magallon v. State,* 523 S.W.2d 477 (Tex.Civ.App. —Houston [1st Dist.] 1975, no writ); *Fletcher v. Travis County Child Welfare Dept.,* 539

S.W.2d 184 (Tex.Civ.App.—Austin 1976, no writ); *D__ F__ v. State,* 525 S.W.2d 933 (Tex. Civ.App.—Houston [1st Dist.] 1975, no writ).